Argued July 14; reversed September 15, 1936

ROUND *v.* STATE INDUSTRIAL ACCIDENT
COMMISSION

(60 P. (2d) 601)

*I. H. Van Winkle*, Attorney General, and *Victor R. Griggs*, Assistant Attorney General, for appellant.

No appearance for respondent.

CAMPBELL, C. J. During the month of December, 1934, plaintiff, a man of 51 years of age, was an em-

ployee of the Oregon Worsted Company, in Multnomah county, Oregon. Plaintiff and his employer were operating under the provisions of the Workman's Compensation Law (section 49-1801, *et seq.*, Oregon Code 1930). On December 4, 1934, plaintiff received an injury to his shoulder and thereafter applied to the Industrial Accident Commission for compensation, in accordance with said act, which was allowed on January 4, 1935. Within 60 days from the date of said allowance, plaintiff petitioned for a rehearing and said petition was granted. Upon a hearing, the commission found that the plaintiff did not sustain an "accidental injury in the course of his employment * * *'', and denied any further allowance of compensation.

The plaintiff thereupon duly appealed to the circuit court for Multnomah county where his case was duly and regularly tried to the court and a jury duly impanelled. Certain interrogatories were submitted to the jury, among which was the following:

"Did plaintiff sustain accidental injury through external and violent means arising out of and in the course of his employment by the Oregon Worsted Company, on or about December 4, 1934?"

To this interrogatory, the jury answered "No".

This, of course, was a finding that determined the plaintiff's case adversely to him. Thereafter, the court entered judgment in favor of the defendant for its costs and disbursements.

On July 1, 1935, a petition was filed with the court asking for the appointment of Ward W. Wintermeier as guardian *ad litem* of the plaintiff, which petition was granted. On the same day, plaintiff, by his guardian *ad litem,* filed a motion for a new trial based on the ground that:

" * * * the said Francis L. Round was on the 28th day of May, 1931, has been and now is an incompetent, idiotic and insane person, duly adjudged as such on the 28th day of May, 1931, by the Honorable Judge I. M. Schannep, at Umatilla county, Oregon."

This motion was supported by the affidavit of the guardian *ad litem,* and a certified copy of the order of the county judge of Umatilla county to the effect, that upon a hearing on May 28, 1931, to determine the sanity of said plaintiff, a competent physician, appointed by the court, found that said plaintiff was, on that date, insane. The said county court thereupon ordered " * * * That the said Francis L. Round is an insane person, and that he be and is hereby committed to the Eastern Oregon State Hospital for the Insane at Pendleton, Oregon, * * *."

The court, on June 21, 1935, set aside the judgment and entered an order granting a new trial. From that order, defendant appeals.

Appellant contends that the trial court erred in granting a new trial solely upon the ground that, at the time of the commencement of the instant case, and at the time of the rendition of the judgment, respondent was insane, having been so adjudged by the county court of Umatilla county on May 28, 1931.

It was not contended, in respondent's motion for a new trial, that respondent did not have a fair trial; that the judgment was not fully supported by the testimony. Nor was there enumerated, in said motion, any of the statutory grounds upon which a motion for a new trial may be predicated as provided for in section 2-802, Oregon Code 1930. It is not claimed by respondent that the court did not have jurisdiction of the persons or the subject matter of the action. It is not claimed that the judgment is void or voidable.

Section 1-306, Oregon Code 1930, provides the manner in which a guardian *ad litem* for an insane person may be appointed by the court, and is as follows:

"When an insane or idiotic person is a party to any action, suit or proceeding in the courts of this state he shall appear by guardian; or if he has no guardian, or in the opinion of the court the guardian is an improper or incompetent person, the court shall appoint some suitable person to act as guardian ad litem. Such guardian shall be appointed as follows:

(1) When the insane or idiotic person is plaintiff upon the application of a relative or friend of such person.
*     *     *     *     *"

■■ Respondent voluntarily invoked the jurisdiction of the court. He appeared in court in person and by his attorney and had his case fairly tried by the court and jury, with the opportunity of presenting all his evidence on the matter on which he based his complaint, and at least by his silence admits that justice has been done; nor does he make any contention that any evidence could be presented by a guardian *ad litem* other than has already been presented to the court and jury. The lack of the appointment of a guardian *ad litem* was a mere irregularity in procedure [*Bobell v. Wagenaar*, 106 Or. 232 (210 P. 711)] of which respondent can not now complain in this action after judgment has been duly and regularly entered on a verdict duly and properly found.

There was no evidence in support of the motion for a new trial showing any other adjudication of the sanity of the respondent other than that made on May 28, 1931, and it will be observed that such order committed respondent to the hospital for the insane for Eastern Oregon. Just how respondent came to be

discharged from said hospital, the record does not disclose.

It does not follow, *ipso facto,* that because respondent had been judicially declared insane in May, 1931, he was still so insane in 1934 that he was incapable of understanding his rights in this case. In December, 1934, at the time he received the injury, he was sufficiently sane to be usefully employed; to avail himself of the benefits of the Workman's Compensation law; to apply to the Industrial Accident Commission for compensation under that act when he was injured; to think that the decision of the Industrial Accident Commission, depriving him of further compensation, was unjust; and to appeal from that decision to the circuit court for an adjudication of the matter. We venture the assertion that had the judgment been in his favor he would have been sane enough to have accepted the benefits thereof. In fact, no suggestion of mental incapacity was made by respondent or his counsel until after judgment was entered for appellant. He then recalled the fact that he was insane.

■ There is nothing in our code which prevents a mature adult, apparently sane at the time he begins the action, even though he may have theretofore been declared insane, from prosecuting such action in his own name to recover for any loss or injury he may have suffered: *Wiesman v. Donald,* 125 Wis. 600 (104 N. W. 916, 2 L. R. A. (N. S.) 961), and note.

The judgment of the circuit court, vacating and setting aside the judgment and granting a new trial, will be reversed and the cause remanded with instructions to reinstate the judgment in favor of appellant.

It is so ordered.