GORDON v. GARRSON.

Civ. 760-D, 759-D.

District Court, E. D. Illinois.

April 1, 1948.

478

LINDLEY, District Judge.

Plaintiff, an inmate of the Illinois State Penitentiary at Joliet, Illinois, filed these two complaints, by leave of court in forma pauperis, one against defendant Mark Irwin, Superintendent of the Illinois State Farm, Vandalia, Illinois, and the other against Audey Garrson, formerly physician at the same institution.

At the time of the alleged injury, plaintiff was an inmate of the Illinois State Farm at Vandalia, Illinois, serving a one year sentence. He avers that, during a prison break in which plaintiff had no part, he was inadvertently mistaken for another prisoner and, during the ensuing melee, seriously injured. He does not charge that either defendant caused his original injury but does aver that by solitary confinement and refusal to grant plaintiff the right to receive food or medical aid, defendants, by their neglect and negligence, caused plaintiff to suffer permanent injuries of a serious nature. He seeks to recover $10,000 damages from each defendant.

After the prison break, plaintiff, charged with the crime of escaping from the state farm, pleaded guilty and was sentenced to a term of from one to ten years in the penitentiary, under which he is presently confined. I shall dispose of the motion to dismiss in each case in one memo.

The essence of plaintiff's claim against defendant Irwin is that "under the Civil Rights Statutes of the Federal Government, said respondent, failed to secure to plaintiff, to be immune in his person from injury, while in custody of said respondent." Apparently he relies upon the Civil Rights Act, Title 8 U.S.C.A. Section 43 of that Act provides that "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be sub-

jected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." Section 47, provides an action for damages to any person "injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States" by reason of a conspiracy of two or more persons entered into "for the purpose of depriving * * * any person * * * of the equal protection of the laws, or of equal privileges and immunities under the laws." See also Section 48 relating to actions for neglect to prevent injury.

██ Plaintiff also asserts bases for relief in Sections 51 and 52 of Title 18 U.S.C.A. which make it a crime for one person to deprive another of civil rights, but these sections, relating only to criminal as distinguished from civil action, are not applicable.

██ This court has jurisdiction of "civil rights" actions by virtue of Section 41(14) of Title 28 U.S.C.A. and it is clear that jurisdiction existing under the laws of the United States, no diversity of citizenship or involvement of a sum of $3000 need be alleged by plaintiff in his complaint against Irwin.

██ Defendant denies that plaintiff is entitled to invoke the provisions of the Civil Rights Act because, since he has been convicted of a felony, he is not technically a "citizen." But due process of law and equal protection of the laws are guaranteed not only to citizens but to any person and Civil Rights Act provides a remedy for deprivation of these rights. Sellers v. Johnson, D.C., 69 F.Supp. 778. It would seem that the statute applies not only to citizens but to any "person within the jurisdiction" of the United States.

██ It is clear that misuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with authority of the state, is action taken "under color of any statute" within this section. Screws v. United States, 325 U.S. 91, 65 S.Ct. 1031, 89 L. Ed. 1495, 162 A.L.R. 1330; Picking v. Pennsylvania R. Co., 3 Cir., 151 F.2d 240. Discussing Sections 51 and 52 of Title 18, which must be construed in pari materia with the section in issue (Picking v. Pennsylvania R. Co., supra) the Supreme Court said recently, in Screws v. United States, supra [325 U.S. 91, 65 S.Ct. 1038], "The problem is not whether state law has been violated but whether an inhabitant of a State has been deprived of a federal right by one who acts under 'color of any law.' He who acts under 'color' of law may be a federal officer or a state officer. He may act under 'color' of federal law or of state law. The statute does not come into play merely because the federal law or the state law under which the officer purports to act is violated. It is applicable when and only when some one is deprived of a federal right by that action."

██ As to defendant Irwin, the suit is against him in his capacity as representative of the state, so as to bring the provisions of the Civil Rights Act into play. Plaintiff identifies him as Warden or Superintendent of the Illinois State Farm and implies at least, that the injuries resulted because of failure of defendant to exercise care, as Superintendent, for plaintiff's well-being. Plaintiff avers that after he had been struck and beat over the head with a black-jack by an officer, resulting in infection of the middle ear and complete deafness in that ear, he was dragged to a sub-basement solitary cell and chained by the wrist for 18 hours; that, by order of defendant, he was placed and kept in the solitary cell for 92 days incommunicado; that, subsequently, by order of Irwin, he was fed bread and water 6 days a week, with one full meal every seventh day, for 92 days; that, with knowledge of Irwin, during that period, plaintiff was forced to sleep on a wet cement floor on a wet blanket; that, with knowledge of Irwin, he was starved, mistreated and inhumanly punished from November 10, 1942 until February 8, 1943; that he was allowed one bath by Irwin and that he was compelled to walk in his stocking feet in snow the distance of a city block to obtain that.

These averments, it seems to me, state a legitimate cause of action under the Civil Rights Act against Irwin.

■ But it is not clear that plaintiff's claim against defendant Garrson is intended to state a cause of action against Dr. Garrson in his official capacity as state farm physician. Nowhere does plaintiff aver that this suit is brought under the Civil Rights Act. Indeed, it is averred "That from neglect upon the part of said respondent, as a physician—and not a State Agent, to properly treat the injury to plaintiff's ear and head," plaintiff's injury was enhanced.

Considering all of the averments of the complaint against Garrson, it is apparent that plaintiff's claim is one in tort for personal injuries suffered because of the inexcusable negligence of Garrson, the physician. In other words, plaintiff's claim is one for malpractice. I can not read into the complaint any averment that defendant was under any obligation to attend the plaintiff. Before there is a duty upon the part of the defendant to attend him, there must be a right in the plaintiff to have the attendance, and yet there is no averment as to any such right or obligation. Simon v. Kaplan, 321 Ill.App. 203, 52 N.E. 2d 832.

It appears from the pleadings that plaintiff is a nonresident of the state of Illinois, that defendant Garrson is a resident of the state of Illinois and that the amount in controversy exceeds $3000. It is clear that this court has jurisdiction, if a cause of action is stated, but inasmuch as plaintiff has failed to set forth a cause of action against Garrson, the complaint must be dismissed.

■ There remains to be considered the subject of the statute of limitations. Section 15 of Chapter 83, Illinois Revised Statutes, establishes a two-year limitation on actions for damages for injury to the person. In an analogous situation, the Supreme Court in O'Sullivan v. Felix, 233 U.S. 318, 34 S.Ct. 596, 58 L.Ed. 980, held that the state one-year statute of limitations for actions for damages as prescribed by the Louisiana Civil Code, arts. 3536,

3537, governed a civil action for damages for assault committed in attempting to prevent plaintiff from voting, contrary to this title, in view of the failure of Sections 43, 44 and 45 of Title 8, U.S.C.A., to prescribe any specific limitation. Therefore, the claim against Irwin is barred by the Illinois two-year statute of limitations unless the statute was tolled because, at the time the cause of action accrued, plaintiff was imprisoned. Section 22 of Chapter 83, Illinois Revised Statutes provides that: "If the person entitled to bring an action, mentioned in the nine proceeding sections, is, at the time of the cause of action accrued * * * imprisoned on a criminal charge, he or she may bring the action within two years after the disability is removed." This section undoubtedly applies here since plaintiff was imprisoned at the time the alleged injury occurred.

In view of the foregoing the suit in 760-D, Gordon v. Garrson, is dismissed. The motion to dismiss the complaint in Gordon v. Irwin, 759-D, is denied.