(No. 4211

ROOSEVELT ROBERTSON, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed February 14, 1950.*

DAVID R. SILVERZWEIG, Attorney for Claimant.

IVAN A. ELLIOTT, Attorney General; WILLIAM H. SUMPTER, Assistant Attorney General, for Respondent.

LANSDEN, J.

Claimant, Roosevelt Robertson, on July 12, 1949, filed a complaint seeking to recover damages from respondent for negligence.

The complaint alleged that claimant, on August 5, 1942, entered the Illinois State Penitentiary at Joliet, Illinois, after his conviction in Cook County, Illinois, and on November 15, 1943, while still a convict, claimant with other inmates was assigned to work demolishing a cell house in the institution. During such work, part of the structure collapsed and as a result claimant's left leg was so badly crushed that amputation was required.

As a basis for his action for negligence claimant alleged that respondent failed properly to supervise the work, failed to take proper and reasonable precautions to prevent claimant's injury, assigned untrained men to the dangerous work of demolition of the cell house and violated the provisions of the Illinois statutes relating to "Structural Work," now found at Ill. Rev. Stat. 1949, Chap. 48, Secs. 60-69.

Claimant further alleged that he was discharged from imprisonment on July 12, 1947.

Respondent has filed a motion to dismiss on the ground that the case is filed too late. Respondent's supporting brief, attached to which is a report, including a parole agreement, from the Division of Correction, which shows that claimant was released from Joliet on parole on May 18, 1944, sets forth respondent's contentions. Respondent contends that this Court has no jurisdiction of this case since it was not brought within two years of claimant's release on parole, although it is conceded that claimant's certificate of final discharge was not delivered to him until July 12, 1947.

Claimant contends that he had two years from the date his final discharge was delivered to him in which to file his claim because he could not sue while imprisoned, which imprisonment in legal contemplation continued until receipt of his final discharge.

The contention of neither claimant nor respondent is determinative of this case as will hereinafter appear.

Section 22 of the present Court of Claims Act, Ill. Rev. Stat. 1949, Chap. 37, Sec. 439.22, provides that the filing of a claim, unless sooner barred, within two years of its accrual is jurisdictional "saving to infants, idiots, lunatics, insane persons and persons under other disability at the time the claim accrues two years from the time the disability ceases."

Section 10 of the prior Court of Claims Act, Ill. Rev. Stat. 1943, Chap. 37, Sec. 436, provides a five-year period of limitations, unless sooner barred, saving to the same categories of persons mentioned in the present Section 22 the same two-year period after removal of the disability.

The phrase "unless sooner barred" which appears

in both former Section 10 and present Section 22 above referred to, does not apply to this type of case.

Although the claim arose prior to the present Court of Claims Act, which took effect on July 1, 1945, and claimant's right to recover is governed by the former Court of Claims Act, *Newman* v. *State,* 17 C.C.R. 187, this Court held in *Brown* v. *State,* 17 C.C.R. 79, that the present Section 22 governs the jurisdictional requirement of the time in which a claim must be filed because the present law contained no saving clause as to claims that accrued prior to the present law.

It is manifest that this Court has no jurisdiction of claimant's claim under the prior act as limited by present Section 22, unless the saving clause in said section operates to protect him as within the category of "persons under other disability at the time this claim accrues." Claimant was not so protected.

The precise question was answered by this Court in *McElyea* v. *State,* 7 C.C.R. 69. In that case claimant, while an inmate at the then Southern Illinois Penitentiary at Menard, was, in 1922, injured. He waited over seven years to file his claim, which was filed shortly after he was released on parole. Said Section 10 of this former Court of Claims Act was then in force and, except for the five-year period in which to file, was the same as present Section 22, which reduced the time to two years.

The Court in the *McElyea* case said:

"The law of this State gives unto a prisoner serving a sentence in any penal institution the right to sue or be sued in the Courts of this State during the period of such confinement. A convict does not lose his personal rights because of his imprisonment although he is deprived by law of certain rights of citizenship. Therefore, as he possessed said personal rights the claimant was entitled, able and free to exercise them, even though he was confined in the penitentiary."

The Court in the *McElyea* case then dismissed the case.

That a convict in a penitentiary may sue was assumed by Judge Lindley in an action brought in the United States District Court for the Eastern District of Illinois. In *Gordon* v. *Garrson*, 77 F. Supp. 477, plaintiff's right of action under the Civil Rights Act, 8 U.S.C., Secs. 43-48, arose while he was an inmate at the Illinois State Farm at Vandalia, and at the time he filed his complaint in the Federal Court· he was confined in the Illinois State Penitentiary at Joliet.

In view of the foregoing, claimant has filed his complaint too late.

The motion of respondent to dismiss is sustained and the case is dismissed.