### LANIGAN v. BOSTON TERMINAL CORP. et al.

Civ. A. No. 52–1147.

United States District Court
D. Massachusetts.

June 10, 1953.

Matthew L. McGrath, Jr., John R. Riordan, Boston, for plaintiff.

William R. Cook, John F. Drum, Johnson, Clapp, Ives & King, Boston, for defendant Pullman Co.

Noel W. Deering, Boston, for defendant Boston Terminal Co.

FORD, District Judge.

Defendant Boston Terminal Corporation has moved to dismiss the complaint on three grounds. The first ground, that of lack of proper service, has been waived.

■ The second ground is that the action was a nullity since it was not brought during the lifetime of the original plaintiff, who died October 11, 1952. While the summons is dated October 16, 1952, it appears from the docket entry and from the date stamp of the Clerk's Office on the original complaint that the complaint was filed on October 10, 1952. The action was, therefore, properly commenced while plaintiff was still alive. Rule 3, F.R.Civ.P., 28 U.S.C.A.

■ The third ground alleged is that while there was diversity of citizenship (which is the sole basis for jurisdiction of this court over this action) between defendant, a Massachusetts corporation, and the original plaintiff, a citizen of New York, that diversity no longer exists since the substitution for the deceased plaintiff of her administratrix, who is a Massachusetts citizen. In general, federal jurisdiction de-

pends on the facts as they exist at the time suit is commenced, and is not conferred or divested by later changes. Ford, Bacon & Davis, Inc., v. Volentine, 5 Cir., 64 F.2d 800, 801. Loss of diversity of citizenship through substitution of one party for another does not destroy jurisdiction. Grant County Deposit Bank v. McCampbell, 6 Cir., 194 F.2d 469, 472. Specifically, where at the time of filing there was diversity of citizenship between plaintiff and defendant, the jurisdiction acquired by the court is not lost because, the plaintiff having died, his administrator who is substituted for him is a citizen of the same state as defendant. Clarke v. Mathewson, 12 Pet. 164, 171, 37 U.S. 164, 171, 9 L.Ed. 1041.

Motion to dismiss is denied.