Adolph G. HOFFMAN, Plaintiff,

v.

Donald WAIR, M.D., and Morris Goldstein, Defendants.

Civ. No. 7352.

United States District Court
D. Oregon.

April 25, 1961.

John Paul Jones, Portland, Or., for plaintiff.

Robert Y. Thornton, Atty. Gen., and Paul D. Hanlon, Sp. Asst. to Atty. Gen., for defendant Wair.

Goldstein, Galton, Galton & Popick, Zanley F. Galton, Portland, Or., for defendant Goldstein.

EAST, District Judge.

### Parties and Jurisdiction

Each of the defendants, Donald Wair (Wair), and Morris Goldstein (Goldstein), have moved for an order of dismissal in the above-entitled action (F.R. Civ.P. 12(b), 28 U.S.C.A.). Wair's motion is based upon three grounds:

(a) The claim alleged in the amended complaint is barred by the applicable statute of limitations. ORS 12.110 (2 years);

(b) The matters and the claim alleged have been heretofore fully adjudicated in favor of Wair and against plaintiff; and

(c) The amended complaint fails to allege facts or to state an enforceable claim against Wair upon which any relief can be granted.

Goldstein's motion is based upon identical grounds (a) and (c) above.

The gist of plaintiff's claim under the allegations of the amended complaint appear to be:

On January 10, 1952, a hearing was held in the Circuit Court of the State of Oregon for Multnomah County, a court of competent jurisdiction, resulting in said court's order of adjudication that the plaintiff was mentally incompetent and, pursuant to said order, was confined in the Oregon State Hospital in Pendleton, Oregon, from August 5, 1952, to and including October 23, 1952.

That on August 5, 1952, and continuing through October 22, 1952, there was a civil action pending in the aforesaid Circuit Court, being Docket No. 189–494, in which the plaintiff herein was the plaintiff, and one James Peake was defendant, wherein the plaintiff sought the recovery of alleged damages for alienation of affections in the amount of $30,-000.

In this action, plaintiff seeks to recover damages resulting from an alleged conspiracy between the defendants to violate plaintiff's civil rights, Title 42 U.S.C.A. § 1983.[1]

### Statute of Limitations

The date of the last overt act of Wair and Goldstein in furtherance of the alleged conspiracy was October 23, 1952, the date of the release of plaintiff from the Oregon State Hospital. Plaintiff, ap-

---

1. "§ 1983. *Civil action for deprivation of rights*
   "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

pearing pro. per., filed his original complaint herein with the Clerk of this Court on January 16, 1954; however, no service thereof or summons herein has ever been served upon the defendants. On June 18, 1956, plaintiff was by the aforesaid Circuit Court, adjudicated as having been restored to competency. It appears from a transcript of the records of the United States Marshal, with reference to the above-entitled cause, attached to the affidavit of the defendant Goldstein in support of his motion aforesaid, that summons as issued by the Clerk of this Court upon plaintiff's original complaint aforesaid was delivered to the Sheriff on January 18, 1954, and that on said date said process was redelivered by the Marshal to the plaintiff unserved.

Plaintiffs' amended complaint was filed herein on February 16, 1960, and that service of summons and complaint were personally had on each of the defendants prior to March 28, 1960.

"With the exception of a one year statute of limitations in Section 1986, Title 42 U.S.C.A. and pertaining solely to the remedies contained in such section, there is no period of limitations contained within the Civil Rights statutes, or elsewhere in the federal statutes, pertaining to such cases. 'That the action depends upon or arises under the laws of the United States does not preclude the application of the statute of limitations of the state is established beyond controversy by cases cited * * [citing cases]. In a civil rights case the applicable statute of limitations is that of the state wherein the action arose and the district court is located. * * * [citing cases].' Accordingly, the applicable state statute of limitations in Oregon controls, except insofar as the action is based on Section 1986, Title 42 U. S.C.A." Hoffman v. Halden, 9 Cir., 1959, 268 F.2d 280, 304–305.

Plaintiff contends that the applicable Oregon statute is:

"ORS 12.080—Within six years. (1) An action upon a contract or liability, express or implied, excepting those mentioned in ORS 12.070 and 12.110;

"(2) An action upon a liability created by statute, other than a penalty or forfeiture, excepting those mentioned in ORS 12.110;

"(3) An action for waste or trespass upon real property; or

"(4) An action for taking, detaining or injuring personal property, including an action for the specific recovery thereof; shall be commenced within six years. [Amended by 1957 c. 374 § 3]"

Wair and Goldstein counter with:

"ORS 12.110. Within two years; determination of period in action for fraud or deceit. (1) An action for assault, battery, false imprisonment, for criminal conversation, or for any injury to the person or rights of another, not arising on contract, and not especially enumerated in this chapter, shall be commenced within two years; provided, that in an action at law based upon fraud or deceit, the limitation shall be deemed to commence only from the discovery of the fraud or deceit.

"(2) An action upon a statute for a forfeiture or penalty to the state or county shall be commenced within two years.

"(3) An action for overtime or premium pay or for penalties or liquidated damages for failure to pay overtime or premium pay shall be commenced within two years. [Amended by 1957 c. 374 § 1]"

██ To resolve the conflict and properly chart our course, it is necessary to ascertain the meaning or delineation of "a liability created by statute."

"The phrase 'liability created by statute' or 'liability created by law,' within the meaning of such a statute, has been held not to include or extend to actions arising under the common law, * * *" 53 C.J.S. Limitations of Actions § 83, p. 1052, note 9.

"The test of 'a liability created by statute' is whether or not ' " ' * * * independent of the statute, the law implies an obligation to do that which the statute requires to be done, and whether, independently of the statute, the right of action exists for a breach of the duty or obligation imposed by the state' " Wood, Limitations, § 39.' State v. Baker County, 24 Or. 141, 146, 33 P. 530. This definition has been generally accepted and approved by the majority of the courts of this country. * * * " Shelton v. Paris, 1953, 199 Or. 365, 367, 261 P.2d 856, 858, to which case reference is made in Hoffman v. Halden, supra.

In Shelton v. Paris, supra, the question was:

"Whether the Oregon Employers' Liability Act, involved therein, the rules and regulations of the State Industrial Accident Commission, which have the force and effect of law, creates a liability by statute?"

In answering in the negative, the court said, 199 Or. at page 368, 261 P.2d at page 858:

[the Act] "imposes upon every employer the duty to furnish the employee a safe place of employment, together with such tools, safety devices and safeguards as shall be reasonably necessary to protect the life and safety of the employee. This section in general enjoins upon an employer the same duties that were required by the common law. * * * "

and

"The statute increases the burden of the employer in hazardous occupations, but not the liability. The gist of the action is the same, that is,— liability for negligence, but no new liability is created by statute, since the liability of an employer for his negligent act toward an employee existed in the common law. * * * "

An enlightening case, wherein a "liability created by statute" was found and dealt with is Hocking Valley R. Co. v. New York Coal Co., 6 Cir., 1914, 217 F. 727.

So it goes that if plaintiff's amended complaint alleges a breach of a duty owed by either of the defendants to plaintiff, which breach puts into play or out of which arises a "liability created by statute" on the part of such defendant, the six year limitation would be the proper measure; on the other hand, if plaintiff's amended complaint alleges a breach of a duty owed by either of the defendants to plaintiff, and which breach puts into play or out of which arises a liability known at common law on either of the defendants, then it follows that the two year limitation is controlling. The question presented is one of first impression in the Ninth Circuit (see Hoffman v. Halden, supra). Research reveals that three circuits have dealt with the problem; however, not conclusively. Wilson v. Hinman, 10 Cir., 1949, 172 F.2d 914, 915, was "an action under the Civil Rights Act" (old Title 8 U.S.C.A. §§ 43 and 47, now Title 42 U.S.C.A. 1981–1983 and Title 42 U.S.C.A. 1984–1990), wherein the court said:

" * * * The time for filing an action under the Civil Rights Act is controlled by the applicable Kansas Statute of Limitations * * * Section 60–306, par. 3, Kansas G.S. 1935, provides that an 'action for injury to the rights of another, not arising on contract,' must be brought within two years. * * * "

The court applied the two year limitation period. It is interesting to note that the immediate preceding paragraph of the Kansas statute cited provided for a three year limitation within which to bring an "action upon a liability created by statute." Since the court took no cognizance of this three year limitation, it must be concluded that the court considered the asserted liability of the defendant to plaintiff was not one created by statute.

In Kenney v. Killian, D.C.W.D.Mich. 1955, 133 F.Supp. 571, at page 575, the opinion recites:

"In his complaint * * * plaintiff alleges that his arrest on Novem-

ber 16, 1950, and his detention in the Berrien county jail in temporary (for approximately 40 hours) protective custody was in deprivation of his rights, privileges or immunities secured by the Constitution and Federal laws. Therefore, it is clear that under § 1343 hereinbefore quoted this court has jurisdiction of the present action." [Parenthetical phrase supplied.]

That action was instituted and summons served on November 10, 1953 (two years and 358 days after the termination of plaintiff's alleged confinement). The plaintiff filed an amended complaint alleging that his present action was one of false imprisonment in violation of his civil rights, and the court says, at pages 575–576:

"The applicable Michigan statute, Comp.Laws Mich.1948, § 609.13, subd. 3, provides: 'Actions * * * for false imprisonment, for malicious prosecution * * * shall be brought within 2 years from the time the cause for action accrues, and not afterwards.' " [2] Citing Wilson v. Hinman, supra, and Gordon v. Garrson, D.C.E.D.Ill.1948, 77 F. Supp. 477.

"In summary, the court concludes: (1) That the plaintiff's present action is barred by the Michigan two-year statute of limitations; (2) that the plaintiff's complaint fails to state a claim upon which relief could be granted against the defendant under the Federal civil rights statutes; and (3) that the defendant is immune from civil liability to the plaintiff under the Federal civil rights statutes." Kenney v. Killian, supra, 133 F.Supp. at page 580.

On appeal, the Court of Appeals opines (Kenney v. Fox, 6 Cir., 1956, 232 F.2d 288, 290:

"We pretermit decision upon whether Kenney's action is barred by the statute of limitations, but uphold the dismissal of the suit upon the basis of no cause of action.

* * * *"

The District Court was affirmed in its dismissal of the action on the grounds of immunity on the part of the defendants. This case would seem to be a guidepost on our path but for the pretermission of the limitations problem, which can only make one shy away rather than follow. This court would be inclined to subscribe to the District Court's adoption of the two-year limitation statute, but can see that the waters are muddied with the interlocking query as to whether the statute had been tolled during the period of the plaintiff's adjudication of incompetency.

Gordon v. Garrson, supra, was an action under the Civil Rights Act to recover damages for personal injuries. The court there applied § 15, Ch. 83, Illinois Revised Statutes, which established a two-year limitation on actions for damages for injury to the person. To the same effect is the decision in Jackson v. Duke, 5 Cir., 1958, 259 F.2d 3. However, in neither of these cases was there a state statute of limitations for actions upon a liability created by statute.

These foregoing treatments of limitations teach us, at least, that the true right or duty alleged to have been infringed or breached, respectively, must be asserted in order to determine the fountain or source of any legal liability flowing therefrom. This court suggests that O'Sullivan v. Felix, 233 U.S. 318, 34 S.Ct. 596, 58 L.Ed. 980, points out that merely because personal injury is inflicted upon one in the course of the violation of federal law by another, i. e., violation of civil rights, Title 42 U.S. C.A. § 1983, does not change the resulting liability of the wrongdoer for a tortious act under common law, and the applicable state limitation of action thereon should apply.

Going to plaintiff's amended complaint and assuming its allegations to be true, we find that Wair and Goldstein acting in concert and jointly in

---

**2.** Michigan has no statutory limitation upon actions brought upon a "liability created by statute" as does Oregon.

an asserted official capacity and under color and pretense of Oregon state law, caused injury to the person and property rights of plaintiff. Therefore, the defendants violated the civil rights of plaintiff, as protected by federal law (Title 42 U.S.C.A. § 1983). We now inquire as to what rights of plaintiff were so infringed and what duties owed by the defendants to plaintiff were breached in the course of the violation of this federal law? Plaintiff's amended complaint supplies the answer in that, under color of state law:

1) Defendants held plaintiff in custody and restrained his right to be free among society.

2) Defendants forced him to dismiss the civil proceeding aforesaid and thereby abandon a property right, being a chose in action of value, then under prosecution, as a condition of his release from restraint.

3) Defendants deprived plaintiff of his rights to pursue his occupation and earn wages.

4) Defendants denied plaintiff free assembly participation, and to freely speak and petition for wrongs committed against him.

Considering these grievances in the order of their enumeration, I find:

█ 1) Defendants infringed plaintiff's right to be free from false arrest and defendants breached their duty to plaintiff in this regard. Such conduct on the part of the defendants is tortious against the person of plaintiff, and the defendants are liable therefor in an action at common law, irrespective of plaintiff's federal civil rights.

█ 2) Defendants infringed plaintiff's right to be free from interference with his property rights, whether they be tangible or intangible, as in the form of a chose in action, through unjust coercion, threats or extortion, and the defendants breached their duty to plaintiff in this regard. Likewise, such conduct on the part of defendants is tortious against the rights (property) of plaintiff, and the defendants are liable therefor

at an action at common law, irrespective of plaintiff's federal civil rights.

3) and 4) are merely items of damage arising from the false imprisonment wrong under Item 1).

█ So, it must follow under the above definition of "a liability created by statute" that any liability on the part of either of the defendants in favor of the plaintiff under the allegations of plaintiff's amended complaint arises from a breach of the defendants' common-law duties to the plaintiff, and not from a duty otherwise created and imposed by the language of Title 42 U.S.C.A. § 1983. So far as this case and plaintiff's alleged grievances are concerned, Title 28 U.S.C.A. § 1343 and Title 42 U.S.C.A. § 1983, are merely procedural and remedial vehicles to carry plaintiff's instant action through federal law and court institution, prosecution and enforcement. See Monroe v. Pape, 1961, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492. Therefore, it is the conclusion of this Court that the two-year limitation imposed by ORS 12.110, supra, is controlling in this case.

Time of Commencement of this Action

This court is of the opinion and has concluded that plaintiff was at no time on and from August 5, 1952, under any legal disability by reason of mental incompetency or restraint of person so far as the institution and prosecution of this action is concerned. Opinion entered this date in Hoffman v. Keller, D.C., 193 F.Supp. 733.

F.R.Civ.P. 3 provides:

"Rule 3. Commencement of Action. A civil action is commenced by filing a complaint with the court."

and F.R.Civ.P. 4(a) and (d) provide:

"Rule 4. Process

"(a) Summons: Issuance. Upon the filing of the complaint the clerk shall forthwith issue a summons and deliver it for service to the marshal or to a person specially appointed to serve it. Upon request of the plaintiff separate or additional summons shall issue against any defendants. * * *

"(d) Summons: Personal Service. The summons and complaint shall be served together. The plaintiff shall furnish the person making service with such copies as are necessary. Service shall be made as follows:

"(1) Upon an individual other than an infant or an incompetent person, by delivering a copy of the summons and of the complaint to him personally or by leaving copies thereof at his dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process."

It is true that the filing of the complaint with the Clerk of the District Court tolls any applicable statute of limitations against the alleged action. Mohler v. Miller, 6 Cir., 1956, 235 F.2d 153, 154, cited as authority in Hoffman v. Halden, supra. However, this interpretation of Rule 4(a) contemplates the bona fide and timely compliance with F.R. Civ.P. 4(a) and (d), supra, in that service of complaint and summons, being due process, be accomplished upon the defendant within a reasonable time. Skilling v. Funk Aircraft Co., D.C.Mo.1959, 173 F. Supp. 939; Hixon v. Highsmith, D.C. Tenn.1957, 147 F.Supp. 801; Harris v. Stone, D.C.D.C.1953, 115 F.Supp. 531; Lanigan v. Boston Terminal Corp., D.C. Mass.1953, 112 F.Supp. 957; International Pulp Equipment Co. v. St. Regis Kraft Co., D.C.Del.1944, 55 F.Supp. 860.

Following the return of summons by the United States Marshal for this District to plaintiff as aforesaid, no further steps were taken in the prosecution of this action by plaintiff under his original complaint until on or about February 15, 1960. No clear case of abandonment of this action under the original complaint by plaintiff could be made out (see Mohler, 235 F.2d at page 155), and on August 10, 1953, this court entered its order dismissing this cause "for failure to prosecute." Thereafter, upon leave requested by plaintiff, upon contention of his disability by reason of mental incompetency and that the six year limitation was applicable, he was permitted to file his amended complaint hereon on February 15, 1960.

Service of summons and amended complaint was timely had upon Wair and Goldstein. While it is axiomatic that an amended complaint relates back to the time of the filing of the original complaint, notice of the action, service of due process otherwise thereof some six years and one month later, was not diligent or timely and contrary to law. The filing of an amended complaint after abandonment of the original cause and the running of the applicable statute of limitations alone deprive a defendant of his defense of limitation. This court concludes that the running of the limitation imposed by ORS 12.110 was never tolled and has long since expired prior to notice or other due process had upon either Wair or Goldstein. Therefore, the above action against each of them is barred by the limitation.