Adolph G. HOFFMAN, Plaintiff,

v.

Dr. G. F. KELLER and Dr. F. Sydney Hansen, Defendants.

Civ. No. 7351.

United States District Court D. Oregon. April 25, 1961.

John Paul Jones, Portland, Or., for plaintiff Hoffman.

Hart, Rockwood, Davies, Biggs & Strayer, Cleveland C. Cory, Portland, Or., for defendant Dr. Keller.

Charles E. Raymond, Dist. Atty., Robert M. Christ, Deputy Dist. Atty., Portland, Or., for defendant Dr. Hansen.

EAST, District Judge.

### Parties and Contentions

Plaintiff in this cause seeks to recover damages from the remaining defendants Dr. G. F. Keller (Keller) and Dr. F. Sydney Hansen (Hansen) by reason of an alleged conspiracy between them and others to deprive plaintiff of his civil rights.[1]

It appears from the pretrial order herein that the defendants Keller and Hansen were medical doctors who testified at a hearing duly held in the Circuit Court of the State of Oregon for Multnomah County, wherein the plaintiff was alleged to be a mentally ill person and that the hearing resulted in an order of that court determining the plaintiff to be a mentally ill person and committing him to the custody of an appropriate hospital maintained by the State of Oregon for the care, treatment and protection of mentally ill persons. The gist of the action is that the court hearing the matter, petitioners instituting the hearing, and all participants, were engaged in an alleged unlawful conspiracy to deprive the plaintiff of his freedom by a wrongful determination to the effect that he was insane and needed custodial care.

Plaintiff was released from custodial care on October 23, 1952, and the Court of Appeals for the Ninth Circuit, on review of a prior final judgment of this court, held that the "last overt tortious act" contended by the plaintiff occurred on October 23, 1952.[2] Plaintiff's original complaint herein was filed on January 16, 1954, and named Keller as a party defendant. Plaintiff filed his amended complaint herein on December 18, 1956,

---

1. Title 42 U.S.C.A. § 1981 et seq.

2. Hoffman v. Halden, 268 F.2d 280.

and then named Hansen as a party defendant for the first time. The pretrial order entered herein segregates the issue of Keller's and Hansen's affirmative defense alleging that plaintiff's claim is barred by the statute of limitations. It appears from the pretrial order that, by order duly entered by the Circuit Court of the State of Oregon for Multnomah County on June 21, 1956, "plaintiff was adjudged to be a sane and competent man."

#### Applicable Period of Limitations

■ This court has determined that the gist of plaintiff's action is based upon alleged common-law tortious acts of the defendants and that therefore the Oregon statute[3] providing for a two-year limitation of such actions is controlling. See Opinion filed this date in Hoffman v. Wair, Civil No. 7352, D.C., 193 F.Supp. 727. Having so determined, we approach the problem of whether the two-year limitation period was tolled until June 21, 1956, the date upon which plaintiff was judicially restored to competency.

Oregon Revised Statutes (ORS) 12.160 provides that "If, at the time the cause of action accrues, [the plaintiff] * * * is * * * (2) Insane * * * the time of such disability shall not be a part of the time limited for the commencement of the action. * * * "

Plaintiff's contention has been considered by the Supreme Court of Missouri in two substantially similar cases. The first case was Woodruff v. Shores, 1945, 354 Mo. 742, 190 S.W.2d 994, 166 A.L.R. 957. That was an action against a physician for wrongfully certifying the plaintiff to be insane and causing her to be confined in a state hospital as an insane person. The court held the action to be barred by the statute of limitations, on the ground that the tolling provision in favor of insane persons was not applicable, even though plaintiff was not legally restored to competency until a time within the limitation period. The exception to the statute of limitations in favor of insane persons was held applicable only to persons actually insane, and would not extend to one who, though actually sane, had been adjudicated incompetent. Thus, the plaintiff could not contend, on the one hand, that she had been sane and was wrongfully committed, and, on the other, that she was insane for the purpose of extending the limitation period. See, also, Annotation, 166 A.L.R. 960 (1947). The second case was DeVault v. Truman, 1946, 354 Mo. 1193, 194 S.W.2d 29, an action for damages on account of alleged illegal confinement in a state hospital for the insane. The court held that the action was barred by the statute of limitations, observing that the plaintiff could not rely on an adjudication of insanity to toll the statute of limitations and, at the same time, rely on such adjudication as the basis for liability.

■ The term "insane," as used in statutes extending the time within which to commence an action, "has been held to mean such a condition of mental derangement as actually to bar the sufferer from comprehending rights which he is otherwise bound to know * * * ". 54 C.J.S. Limitation of Actions § 242. As was said in Schwarz v. Public Service Transp. Co., 1930, 149 A. 814, 816, 8 N.J.Misc. 182, " in view of the purpose of the statute of limitations * * * a saving clause in favor of infants and insane persons should not be extended beyond the plain requirements of their disability, so as to protect indefinitely persons who are not in need of such protection."

■ An Oregon case which touches on the problem is Round v. State Ind. Accident Com., 1936, 154 Or. 400, 60 P.2d 601. This was an action for recovery of compensation for an alleged accidental injury in the course of plaintiff's employment. The trial resulted in a judgment for the defendant. Thereafter, a guardian ad litem of the plaintiff was appointed, and plaintiff, by his guardian ad litem, moved for a new trial on the ground that plaintiff had been adjudged

3. ORS 12.110.

insane some three years prior to commencement of his action, which adjudication was still in effect. The trial court set aside the judgment and entered an order granting a new trial. On appeal, the Oregon Supreme Court reversed the order, noting that, in plaintiff's motion for a new trial, there was no contention that he did not have a fair trial or that the judgment was not fully supported by the evidence. The opinion, 154 Or. at page 404, 60 P.2d at page 602, contains these observations:

"It does not follow, *ipso facto,* that because respondent had been judicially declared insane in May, 1931, he was still so insane in 1934 that he was incapable of understanding his rights in this case. * * *

"There is nothing in our code which prevents a mature adult, apparently sane at the time he brings the action, even though he may have theretofore been declared insane, from prosecuting such action in his own name to recover for any loss or injury he may have suffered."

In the Round case, there was no objection by defendant that plaintiff lacked capacity to maintain the action. If such contention had been made, then perhaps a guardian ad litem should have been appointed. However, that would be a procedural matter only, and the action itself still could have been prosecuted to judgment. Admittedly, the court in the Round case was discussing the privilege to maintain an action, not the necessity of doing so before the expiration of the normal limitation period. However, the language is apposite; in the case at bar the question is not whether plaintiff had, prior to legal restoration of sanity, the capacity to sue without benefit of guardian, but whether or not he was capable of understanding his rights. After October 23, 1952, plaintiff was apparently sane (at least, that is his contention), and was free to commence legal proceedings. The statute of limitations was not tolled merely because he had been declared mentally incompetent, particularly in view of plaintiff's assertions that he was at all times competent. Clearly, as to Hansen, this action is barred.

As stated, Keller was named as a defendant in the original complaint, which was filed on January 16, 1954, and prior to the expiration of two years after the cause of action accrued. It appears from the record herein that summons was issued on that day; however, two days later, the summons was returned to plaintiff without service on Keller. Service of process on Keller was not obtained until December, 1956. Therefore, due process was not accomplished. Hoffman v. Wair, Civil No. 7352, D.C., 193 F.Supp. 727, supra.