**Albert C. HUGHES, Plaintiff,**

v.

**Howard SMITH and Robert Tatum, Policemen in and for the City of Camden, New Jersey, Defendants.**

**Civ. No. 1174–66.**

United States District Court
D. New Jersey.

March 8, 1967.

Albert C. Hughes, pro se.

Joseph M. Nardi, Jr., City Atty., for the City of Camden, Camden, N. J., for defendants.

## MEMORANDUM ON DEFENDANTS' MOTION TO DISMISS COMPLAINT

COHEN, District Judge:

The motion of the defendants, presented by the City Attorney for the City of Camden, New Jersey, seeks an order dismissing the complaint of the plaintiff, which action plaintiff commenced under the Federal Civil Rights Act, 42 U.S.C. § 1983, on the basis that it is barred by the applicable statute of limitations.

A consideration of the nature of the action is essential in order to ascertain whether it properly sounds within the Civil Rights Act, as well as to determine what statute of limitations, if any, may bar the present proceeding. The plaintiff invokes the jurisdiction of this Court pursuant to 42 U.S.C. § 1983, which provides:

> "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

The complaint, in its pertinent parts, alleges that plaintiff, while in the custody of the Camden City Police Department, was brutally beaten by the defendant policemen, on April 26, 1963; that defendant Smith needlessly and viciously shot him twice, once in the leg and once in the back. The complaint seeks money damages for personal injuries and for violation of his constitutional and statutory civil rights.

Defendants have filed answer admitting the timely events, but denying the characterizations and legal effects ascribed to their official conduct. The thrust of their present motion is that plaintiff's cause of action is barred by the New Jersey Statute of Limitations, in that the action was not commenced within 2 years of the accrual of the alleged cause of action. N.J.S. 2A:14–2, N.J. S.A.

Plaintiff counters, by invoking N.J.S. 2A:67–11, N.J.S.A., and citing Gordon v. Garrison, 77 F.Supp. 477 (E.D.Ill. 1948), contending that a 2 year limitation for suit, if any, may be brought within 2 years after his discharge from prison, he having been in custody continuously since his arrest, to the present time. Alternately, he relies upon N.J.S. 2A:14–1, N.J.S.A., a 6 year statute, for actions not covered by N.J.S. 2A:14–2 and 3, N.J.S.A.

The sole issue before this Court is strictly a legal one. At the outset, it must be noted that there is no Federal Statute of Limitations applicable to dam-

age actions brought under the Federal Civil Rights Act. See: Annotations 24 A.L.R.2d 618, and 98 A.L.R. 1160. Over a half century ago, the Supreme Court of the United States in ruling upon predecessor statutes to 42 U.S.C. § 1983 held that limitation statutes of the state in which the cause of action arose were controlling. O'Sullivan v. Felix, 233 U.S. 318, 34 S.Ct. 596, 58 L.Ed. 980 (1914). As recently as 1963, Judge Freedman, now a member of the Court of Appeals for our Circuit, writing for the District Court for the Eastern District of Pennsylvania, in the case of Conrad v. Stitzel, 225 F.Supp. 244, disposed of a matter similar to the present one. The only difference there was that the cause of action arose in Pennsylvania, and the 2 year Statute of Limitations in Pennsylvania was imposed to bar the complaint. The case is fully analogous, and limps, as do most analogies, only in that it applied Pennsylvania, rather than New Jersey, law. He held further, that plaintiff's imprisonment during all or any part of the two year period immediately preceding the filing of the complaint did not toll the running of the applicable limitation statute, as no exception for disability to sue because of imprisonment was provided by the Legislature to toll the statute.

Similarly in New Jersey, where the present action is alleged to have accrued, the statutory disabilities in New Jersey which will toll its limitation statutes are expressly confined to legal infancy and legal insanity or incompetence.[1] So that, the New Jersey Statute of Limitations applicable in this case is set forth in N.J.S. 2A:14-2, N.J.S.A., which provides:

"Every action at law for an injury to the person caused by the wrongful act, neglect or default of any person within this state shall be commenced within 2 years next after the cause of any such action shall have accrued."

The claim asserted by plaintiff is within the Civil Rights Act, referred to earlier, 42 U.S.C. § 1983, but is barred by the New Jersey 2 year Statute of Limitations, which state statute is incorporated into the Civil Rights Act by reference. For Section 1988 of Title 42, United States Code, provides that the laws of the United States shall provide for the protection and vindication of civil and criminal rights of persons, where so adapted for the purposes of the Act; but where not so adapted, then resort must be had to the common law of the forum state, as modified by constitution and statute, insofar as not inconsistent with the constitution and laws of the United States.[2]

---

1. ARTICLE 3. EXTENSION OF PERIODS BY REASON OF INFANCY OR OTHER MATTERS.

2A:14-21. Disabilities affecting limitations prescribed by articles 1 and 2

If any person entitled to any of the actions or proceedings specified in sections 2A:14-1 to 2A:14-8 or sections 2A:14-16 to 2A:14-20 of this title or to a right or title of entry under section 2A:14-6 of this title is or shall be, at the time of any such cause of action or right or title accruing, under the age of 21 years, or insane, such person may commence such action or make such entry, within such time as limited by said sections, after his coming to or being of full age or of sane mind.

2. 42 U.S.C.A. § 1988. Proceedings in vindication of civil rights. The jurisdiction in civil and criminal matters conferred on the district courts by the provisions of this chapter and Title 18, for the protection of all persons in the United States in their civil rights, and for their vindication, shall be exercised and enforced in conformity with the laws of the United States, so far as such laws are suitable to carry the same into effect; but in all cases where they are not adapted to the object, or are deficient in the provisions necessary to furnish suitable remedies and punish offenses against law, the common law, as modified and changed by the constitution and statutes of the State wherein the court having jurisdiction of such civil or criminal cause is held, so far as the same is not inconsistent with the Constitu-

■ Furthermore, the statute relied upon by plaintiff, namely, N.J.S. 2A:67-11, N.J.S.A. is not applicable in this case. That statute is expressly confined to *habeas corpus* proceedings testing questions of *illegal* confinement.

■ The *Gordon* case relied upon by plaintiff does no more than honor the rationale and ruling here, for the reasons assigned herein, and does not support the proposition of plaintiff in this case that his imprisonment tolled the New Jersey Statute of Limitations. In *Gordon*, a federal district court was applying an Illinois statute, where the cause of action arose and was being tried, and which state expressly provided by law that imprisonment would extend its 2 year statute of limitations for 2 years after discharge from imprisonment. No such extension for disability is provided under New Jersey law, and inasmuch as New Jersey law governs this issue in the present case, plaintiff's proposition must fall.

■ The other statutes cited by plaintiff to foreclose dismissal of his complaint, N.J.S. 2A:14-1 and 3, N.J.S.A., do not minister to the maintenance of plaintiff's cause of action. The former is a 6 year limitation statute and expressly pertains to trespass to real property, conversion, or replevin of personal property and tortious injury to the rights of another not otherwise covered by sections 2 or 3 of Title 2A:14. Section 3 pertains to Defamation, by libel or slander, being a 1 year statute of limitations, while the present cause of action as stated sounds in tort for damages, albeit, under the Civil Rights Act, and is within the 2 year limitation of section 2, supra. Gaito v. Strauss, 249 F. Supp. 923 (W.D.Penna.1966). In closing, it should also be noted that defendants, being resident in the State of New Jersey, were at all times relevant herein amenable to service of process. It should be noted further that plaintiff was not

disabled by reason of minority or other form of incompetence.

For the foregoing reasons and upon the law stated, the motion of defendants will be granted.

Counsel shall submit an appropriate order.

tion and laws of the United States, shall be extended to and govern the said courts in the trial and disposition of the cause,

and, if it is of a criminal nature, in the infliction of punishment on the party found guilty. R.S. § 722.