No. 15,994.

BROWNE *v.* SMITH, CONSERVATOR.
(205 P. [2d] 239)

Decided March 28, 1949.

Mr. CLARENCE L. BARTHOLIC, for plaintiff in error.

Mr. H. BERMAN, for defendant in error.

*In Department.*

MR. CHIEF JUSTICE HILLIARD delivered the opinion of the court.

AN action begun July 12, 1945, by Guy A. Smith, conservator of the estate of one Horace G. Smith, mental incompetent, on a promissory note, made, executed and delivered May 23, 1938, to said Horace G. Smith, by plaintiff in error. The note was in the sum of one hundred fifty dollars, bore interest at eight per cent per annum, and was due sixty days after the date thereof. The note also provided for twenty-five dollars attorney's fees. Plaintiff in error suffered adverse judgment in the amount of the note, plus interest and attorney's fees, or a total of two hundred seventy-five dollars and costs. In sum, the judgment is not questioned.

Plaintiff in error pleaded the statute of limitations, '35 C.S.A., chapter 102, section 1, in circumvention whereof defendant in error, invoking section 16, of the same chapter, alleged that, "within the time that the cause of action accrued on said note Horace G. Smith was mentally incompetent and by reason thereof was unable to transact his business affairs, and that he was mentally incompetent before the expiration of six years from maturity of said note." It is evident that payment of the note was due July 23, 1938, and on the corresponding date in 1944, the statute of plaintiff in error's reliance had fully run, or almost one year before the institution of the action by the conservator, and some two months before Horace G. Smith, note payee, was

adjudged mentally incompetent, namely, September 28, 1944.

Relative to Horace Smith's mental state as of times important here, there was but one witness, a reputable and well-known lawyer of Denver, who testified as to his intimate acquaintance with him and his business affairs from about 1930, to the time of the unfortunate man's adjudication. Plaintiff in error offered no testimony on this question, or otherwise. On the basis of the showing, the trial judge found "that the man was mentally incompetent to carry on his business affairs at the time the statute of limitations would otherwise have run against this note. I do not believe there is any question on that. * * * The only finding I could make consistent with the testimony would be that the man was incompetent to manage his own affairs at that time." We have examined the testimony, and our appraisal coincides with that of the trial judge.

The contentions of plaintiff in error, variously stated, are comprehended in the claims: (1) That evidence of Horace Smith's mental incompetence as of time prior to his adjudication was not admissible; and (2) that in any event mental incompetence is not equivalent to insanity, a form of the word employed in section 16 of the statute, which is the dependence of the conservator here.

1. We are of the view, that, in the circumstances here, the mental capacity of the payee of the note within the time when he might have proceeded to judgment thereon, was a material issue, and properly was presented for determination. "As a general rule, it is not necessary that a person be adjudged insane to bring him within an exception on the ground of mental incapacity." 34 Am. Jur., p. 162, §202. "Insanity," says the Supreme Court of Kansas, "frequently exists before a judicial determination of that fact has been had. The adjudication overcomes the presumption that the party is sane. It does not follow," the court continues, "that

because there is no adjudication there is no insanity." *Lantis v. Davidson,* 60 Kan. 389, 56 Pac. 745. See, *Smith v. Felter, execx.,* 61 N. J. L. 102, 38 Atl. 746. "While it is essential, in order to postpone the statute, that the proof of insanity be clear, it is not necessary that an insane person be adjudged insane to bring him within the exception to the statute of limitations." 54 C.J.S., p. 270, §242. We have said that, "It appears that Jones [mental incompetent] is under disability and therefore is excused from laches and relieved from the operation of the provisions of the statute of limitations." *Hunter v. Williams,* 96 Colo. 435, 44 P. (2d) 509. See, also, *Parker v. Betts,* 47 Colo. 428, 107 Pac. 816. We believe the first point urged by plaintiff in error is without merit.

2. On this point the argument of plaintiff in error is not persuasive, and he cites no authority in support of it. The word "insane," employed in section 16, chapter 102, '35 C.S.A., of the statute of limitations, is not defined there, but in section 1, chapter 105, '35 C.S.A., the chapter having to do with procedure in the matter of those thought to be insane, it is provided that, "The term 'insane person,' * * * shall be construed to include * * * any person so insane and distracted in his mind as to endanger his own person or property." The note payee here, as the showing conclusively indicates, not challenged by evidence, and as found below, clearly comes within that definition of an "insane person." Webster says that "insanity * * * implies mental disorder resulting in inability to manage one's affairs." The restricted meaning of "insanity" or "insane persons," for which the borrower of this distracted man's money contends, if it were to enjoy our approval, would effectuate rare injustice. We cannot think the court at nisi adjudged other than in full light, and correctly.

Let the judgment be affirmed.

Mr. Justice Jackson and Mr. Justice Moore concur.