Argued and submitted November 5, 1990, reversed and remanded January 23, 1991

Rose Ann ROBERTS,
an incapacitated person, by and through her
Guardian and Conservator, Myrtis Hanna Drew,
*Appellant,*

*v.*

Richard Clarence DREW,
*Respondent.*

(89-2947-L-1; CA A63870)

804 P2d 503

Kelly L. Andersen, Central Point, argued the cause for appellant. With him on the briefs was Richardson & Andersen, P.C., Central Point.

Wm. E. Duhaime, Medford, argued the cause for respondent. With him on the brief was Brophy, Duhaime, Mills, Schmor, Gerking & Brophy, Medford.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Plaintiff, as conservator for her incapacitated daughter, brought this action against defendant, the daughter's stepfather, for intentional torts in the nature of sexual abuse. Plaintiff alleged that the abuse took place over a "period of approximately two years between 1985 and 1987" and last occurred on "July 26, 1987, when it was discovered by a responsible adult." She also alleged that the daughter is "severely mentally retarded." The action was filed on August 30, 1989.

Defendant moved to dismiss under ORCP 21A(9) on the ground that the complaint showed on its face that the action was not brought within the two-year Statute of Limitations. Plaintiff filed an affidavit in response, accompanied by a psychologist's report, aimed at demonstrating that the daughter's retardation qualified as "insanity" under the disability tolling provision of ORS 12.160.[1] The trial court allowed the motion and entered a judgment of dismissal. Plaintiff appeals.

Although defendant does not appear to argue that mental retardation can *never* constitute "insanity" within the meaning of ORS 12.160(2), that is the threshold question. The term "insane" has been part of the disability tolling statute since the mid-1800's. Deady, General Laws of Oregon 1843-1872 § 17; *See DeLay v. Marathon LeTourneau Sales,* 291 Or 310, 313-14, 630 P2d 836 (1981). Although nothing that we find or that the parties bring to our attention resolves the question, it seems unlikely that the modern distinction between "retardation" and "insanity" was fully appreciated at the time when the word "insanity" was first included in the

---

[1] That statute provides:

"If, at the time the cause of action accrues, any person entitled to bring an action mentioned in ORS 12.010 to 12.050 and 12.070 to 12.250 is:

"(1) Within the age of 18 years,

"(2) Insane, or

"(3) Imprisoned on a criminal charge, or in execution under the sentence of a court for a term less than the person's natural life, the time of such disability shall not be a part of the time limited for the commencement of the action; but the period within which the action shall be brought shall not be extended more than five years by any such disability, nor shall it be extended in any case longer than one year after such disability ceases."

statute. Both conditions may well have been regarded as forms of "feeblemindedness" and as interchangeable.

No Oregon appellate decision is on point. In *Hoffman v. Keller*, 193 F Supp 733, 735 (D Or 1961), a federal action in which ORS 12.160(2) was applied, the court said:

> "The term 'insane,' as used in statutes extending the time within which to commence an action, 'has been held to mean such a condition of mental derangement as actually to bar the sufferer from comprehending rights which he is otherwise bound to know * * *'. 54 C.J.S. Limitation of Actions § 242."

The term could include mental conditions of any character that have the requisite disabling effects. That broad definition of the word, as used in disability tolling statutes, appears to be favored by the weight of authority. *See Annot.,* 9 ALR 2d 964 (1950), and Later Case Service. In *Browne v. Smith*, 119 Colo 469, 205 P2d 239 (1949), the court specifically rejected the defendant's argument that the plaintiff's mental incompetency did not come within the word "insane" in a tolling provision:

> "The word 'insane,' employed in section 16, chapter 102, '35 C.S.A., of the statute of limitations, is not defined there, but in section 1, chapter 105, '35 C.S.A., the chapter having to do with procedure in the matter of those thought to be insane, it is provided that, 'The term "insane person," * * * shall be construed to include * * * any person so insane and distracted in his mind as to endanger his own person or property.' The note payee here, as the showing conclusively indicates, not challenged by evidence, and as found below, clearly comes within that definition of an 'insane person.' Webster says that 'insanity * * * implies mental disorder resulting in inability to manage one's affairs.' The restricted meaning of 'insanity' or 'insane person,' for which the borrower of this distracted man's money contends, if it were to enjoy our approval, would effectuate rare injustice." 119 Colo at 472.

■ We conclude that mental retardation does not, *per se*, fall outside the scope of "insane," as used in ORS 12.160(2). However, for mental retardation to toll the statute in a particular case, it must be shown that it is disabling in the way and to the extent described in *Hoffman v. Keller, supra.* The Supreme Court and we have indicated that there is no automatic application of ORS 12.160(2) in cases where the plaintiffs suffered from forms of "insanity" that were not proven to

be disabling in the requisite ways. *See Richards v. Page Investment Co.,* 112 Or 507, 228 P 937 (1924); *Guyot v. Multnomah County,* 51 Or App 373, 625 P2d 1344 (1981). Similarly, not all mental retardation conditions are disabilities subject to the statute. The extent of retardation and the nature of its disabling effects would be relevant inquiries, and those would normally be questions of fact.

Defendant argues that the psychologist's report indicates that plaintiff's daughter's retardation is not so severe that it disables her. Plaintiff relies on the report and draws the opposite conclusion. However, the question cannot be resolved by the psychologist's report. In the first place, the report cannot be considered at all. Although affidavits and other materials outside the complaint may be submitted in connection with motions to dismiss made on the grounds set forth in ORCP 21A(1) through (7), this was a motion under ORCP 21A(9), and our inquiry is limited to the face of the complaint. Moreover, the report is not conclusive, one way or the other.

We conclude that there is a question of fact as to whether plaintiff's daughter is insane for purposes of the statute. Therefore, the complaint does not show on its face that the action is time-barred, and the court erred by granting the motion to dismiss.[2]

Reversed and remanded.

---

[2] Defendant also argued that, if ORS 12.160 is otherwise applicable, any disability "was effectively removed by the existence of the guardian and conservator with actual knowledge of the wrong." In a supplemental memorandum, defendant has correctly conceded that that argument is answered adversely by our recent decision in *Luchini v. Harsany,* 98 Or App 217, 779 P2d 1053, *rev den* 308 Or 608 (1989).

On remand, the trial court may wish to invite the parties to present more extensive research and arguments than they have on the applicable legal standards for determining factually whether plaintiff is disabled for purposes of the statute.