# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 96-CA-01199-SCT

*CHRIS ROCKWELL*

*v.*

*PREFERRED RISK MUTUAL INSURANCE*
*COMPANY AND RODNEY MINGA*

| | |
|---|---|
| DATE OF JUDGMENT: | 10/25/96 |
| TRIAL JUDGE: | HON. FRANK ALLISON RUSSELL |
| COURT FROM WHICH APPEALED: | ITAWAMBA COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | BARRY JOE WALKER |
| ATTORNEYS FOR APPELLEES: | J. MAX EDWARDS |
| | THOMAS G. WALLACE |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | REVERSED AND REMANDED - 04/09/98 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 4/30/98 |

**BEFORE SULLIVAN, P.J., BANKS AND MILLS, JJ.**

**SULLIVAN, PRESIDING JUSTICE, FOR THE COURT:**

¶1. On October 23, 1995, Chris Rockwell filed his complaint against Rodney Minga and Preferred Risk Mutual Insurance Company (Preferred Risk), alleging that he was injured as a result of Minga's negligence while riding on the back of a four wheeler driven by Minga on or about August 1, 1992. Rockwell claimed that he sustained damages in excess of $350,000, and that Preferred Risk was responsible for $20,000 of his damages under his uninsured motorist coverage in his policy with them. Both Minga and Preferred Risk filed answers and motions to dismiss, alleging that Rockwell's claim was barred by the expiration of the applicable three-year statute of limitations. In his Response to Motion to Dismiss, Rockwell contended that his claim should not be barred by the statute of limitations due to his unsoundness of mind resulting from the head injury he sustained in the four wheeler accident when he hit his head on a concrete driveway. He maintained that Miss. Code Ann. § 15-1-59 (1995) (the savings statute) applied so as to toll the statute of limitations. To support his position, Rockwell filed his own affidavit and a page from Dr. Walter Eckman's medical records on Rockwell.

¶2. After considering arguments by counsel at a May 20, 1996, hearing, Circuit Court Judge Frank A.

Russell granted the defendants' motions to dismiss, treating their 12(b)(6) motions as Rule 56 motions for summary judgment. Miss. R. Civ. P. 12(b)(6) and 56. Judge Russell found that Rockwell filed his complaint eighty-three days after the statute of limitations expired and that the savings statute did not apply, because there was no legally adjudicated incompetency on the part of Rockwell at the time of the accident or thereafter.

¶3. Rockwell appeals to this Court from the trial court's dismissal of his case. We hold that the trial court erred in finding that there must be legally adjudicated incompetency to invoke the savings statute. Therefore we reverse and remand this case for further proceedings consistent with this opinion.

## STATEMENT OF THE LAW

### Standard of Review

¶4. The standard of review is as follows:

> The Court employs a de novo standard of review in reviewing a lower court's grant of summary judgment motion. *Roussel v. Hutton*, 638 So.2d 1305, 1314 (Miss.1994). Summary judgment is appropriate if the evidence before the Court--admissions in the pleadings, answers to interrogatories, depositions, affidavits, etc.--shows there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. *Newell v. Hinton*, 556 So.2d 1037, 1041 (Miss.1990). This Court does not try issues on a Rule 56 motion, but only determines whether there are issues to be tried. *Mississippi Ins. Guar. Assoc. v. Byars*, 614 So.2d 959, 963 (Miss.1993). In reaching this determination, the Court examines affidavits and other evidence to determine whether a triable issue exists, rather than the purpose of resolving that issue. Comment, Miss. R. Civ. P. 56.

*Mississippi Gaming Comm'n v. Treasured Arts, Inc.*, 699 So.2d 936, 938 (Miss. 1997).

### I.

### WHETHER THE CIRCUIT COURT OF ITAWAMBA COUNTY, MISSISSIPPI, ERRED, IN GRANTING THE MOTIONS TO DISMISS, FILED BY PREFERRED RISK AND MINGA.

¶5. Rockwell's cause of action falls under the three-year general statute of limitations set out in Miss. Code Ann. § 15-1-49 (1995). "All actions for which no other period of limitation is prescribed shall be commenced within three (3) years next after the cause of such action accrued, and not after." Miss. Code Ann. § 15-1-49(1) (1995). The four wheeler accident occurred on August 1, 1992, so the deadline for Rockwell to file his personal injury lawsuit was August 1, 1995. Since Rockwell waited until October 23, 1995, to file his complaint, Judge Russell was correct in finding that Rockwell was eighty-three days past the deadline.

¶6. Mississippi's savings statute provides in pertinent part, "If any person entitled to bring any of the personal actions mentioned shall, at the time at which the cause of action accrued, be under the disability of infancy or unsoundness of mind, he may bring the actions within the times in this chapter respectively limited, after his disability shall be removed as provided by law." Miss. Code Ann. § 15-

1-59 (1995). "The term 'unsound mind,' when used in any statute in reference to persons, shall include idiots, lunatics, and persons non compos mentis." Miss. Code Ann. § 1-3-57 (1972).

¶7. The main issue before us is whether unadjudicated unsoundness of mind is sufficient to trigger the savings statute. Minga and Preferred Risk argue that Judge Russell was correct in finding that the language of § 15-1-59 suggests that unsoundness of mind must be both established by law and removed by law, making unadjudicated incompetency insufficient to toll the statute of limitations. They rely heavily on the words "after his disability shall be removed *as provided by law*" in the statute to support their position. Miss. Code Ann. § 15-1-59 (1995) (emphasis added). We find that the legislature's intent was simply to have the savings statute remain in effect until the disabled party regains competency, not to require legal adjudication of unsoundness of mind.

¶8. Minga and Preferred Risk also point to *Arender v. Smith County Hosp.*, 431 So.2d 491 (Miss. 1983), in which this Court stated, "The savings of the statute are not to be as liberally construed as its effective provisions, because they are designed to put an end to strife and litigation, and tend to the security of all men." *Arender*, 431 So.2d at 494 (*quoting Louisville & N.R. Co. v. Sanders*, 5 S.W. 563, 564-65 (Ky. 1887)).. However, our interpretation of the savings statute is not liberal, but is a plain reading of § 15-1-59.

¶9. Colorado case law supports Rockwell's position that legal adjudication of incompetency is not necessary to toll the statute of limitations if sufficient evidence exists to show that the victim was mentally incompetent at the time the cause of action accrued. *Browne v. Smith*, 205 P.2d 239, 240-41 (Colo. 1949) (*citing Lantis v. Davidson*, 60 Kan. 389, 56 P. 745, 747 (1899)). This view has been adopted by several other states. *See Adkins v. Nabors Alaska Drilling, Inc.*, 609 P.2d 15, 23 (Alaska 1980); *Pederson v. Time, Inc.*, 532 N.E.2d 1211, 1212-13 (Mass. 1989); *Sacchi v. Blodig*, 341 N.W.2d 326, 329-30 (Neb. 1983); *Kyle v. Green Acres at Verona, Inc.*, 207 A.2d 513, 520-21 (N.J. 1965); *Lent v. Employment Sec. Comm'n of the State of N.M.*, 658 P.2d 1134, 1137-38 (N.M. Ct. App. 1982); *Hurd v. County of Allegany*, 336 N.Y.S.2d 952, 956-57 (N.Y. App. Div. 1972); *Roberts v. Drew*, 804 P.2d 503, 504-505 (Or. Ct. App. 1991). "The general test is whether a person could know or understand his legal rights sufficiently well to manage his personal affairs." *Adkins*, 609 P.2d at 23. *See also Gottesman v. Simon*, 337 P.2d 906, 909 (Cal. Dist. Ct. App. 1959) ; *Pederson*, *supra*; *Sacchi*, *supra*; *Kyle*, *supra*; *Lent*, 658 P.2d at 1137; *Hurd*, 336 N.Y.S.2d at 956; *Roberts*, 804 P.2d at 505.

¶10. We have previously allowed trial courts to decide, without prior adjudication of incompetency, whether a party was incompetent so as to toll the statute of limitations for bringing a worker's compensation claim or to require dismissal of a default judgment. *See Shippers Express v. Chapman*, 364 So.2d 1097, 1099-1102 (Miss. 1978); *Sartain v. White*, 588 So.2d 204, 211 (Miss. 1991). The trial court may also determine whether a party is competent for purposes of executing a will or signing an option, where there was no previous legal adjudication of unsoundness of mind. *See In re Estate of Briscoe*, 293 So.2d 6, 7-8 (Miss. 1974); *Alford v. Crocker*, 221 So.2d 363, 363 (Miss. 1969).

¶11. The purpose of the savings statute is to protect the legal rights of those who are unable to assert their own rights due to disability. This is true for those who suffer from temporary incapacity as well as those who require a more permanent legal adjudication of unsoundness of mind. We therefore find

that it is unnecessary for a party to show formal adjudication of incompetence in order to toll the running of the statute of limitations. Instead, trial courts must allow the party to present alternative evidence to prove that he lacked the requisite understanding for handling his legal affairs.

¶12. The trial court in this case did not make a ruling on whether Rockwell was incompetent so as to toll the statute of limitations. Instead, he incorrectly found that the language in § 15-1-59 required a formal adjudication of incompetency. Therefore, we remand this case for further findings on the issue of Rockwell's mental state during the three years after his accident.

## CONCLUSION

¶13. We hereby adopt the view of other jurisdictions that for purposes of tolling the statute of limitations, a party need not be formally adjudicated as being of unsound mind, but must instead be allowed to present evidence relating to his mental capacity at trial. Here, the trial judge did not address the factual issue of Rockwell's competency, finding that Mississippi's savings statute required legal adjudication of unsoundness of mind. His award of summary judgment, therefore, was not proper. We reverse and remand this case for further findings as to whether the three year statute of limitations should have been tolled due to Rockwell's alleged unsoundness of mind.

¶14. REVERSED AND REMANDED.

PRATHER, C.J., PITTMAN, P.J., BANKS, McRAE, AND WALLER, JJ., CONCUR. SMITH, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY MILLS, J. ROBERTS, J., NOT PARTICIPATING.


SMITH, JUSTICE, DISSENTING:


¶15. The case *sub judice* is clearly time barred under the three-year general statute of limitations set out in Miss. Code Ann. § 15-1-49 (1995), as the trial judge held. The accident occurred on August 1, 1992. Rockwell's deadline for filing suit was August 1, 1995. Rockwell did not file suit until October 23, 1995, eighty-three days past the deadline. I cannot agree with the majority's interpretation of the statute and I am therefore compelled to dissent.

¶16. The majority ignores the term "unsound mind" and its usual reference and application only to persons who are idiots, lunatics, and non compos mentis. *See* Miss. Code Ann. § 1-3-57 (1972). Obviously, persons with a disability of infancy are also important to this analysis unless their disability of minority has been removed as provided by law. *See* Miss. Code Ann. § 15-1-59 (1995). I conclude that the majority ignores the importance of these classes of persons referred to by statute, all of which contemplate an adjudicated determination. The majority thus interprets the savings clause of Miss. Code Ann. § 15-1-59 regarding legislative intent to be, "simply to have the savings statute remain in effect until the disabled party regains competency not to require legal adjudication of unsoundness of mind." *Majority* at 4. The majority also claims that such interpretation is "not liberal, but is a plain reading of § 15-1-59."

¶17. Strict construing of the language of the savings statute aside, a plain reading of the statute in my

view contemplates required adjudication of persons suffering from disability of infancy or unsoundness of mind in order to apply the savings clause. In my view, Rockwell's pleadings and affidavits do not come any where near showing unsoundness of mind as the term is generally defined by our statutes and case law. The burden of proof regarding unsoundness of mind was upon Rockwell to establish by his pleadings and affidavits. *See **Sartain v. White***, 588 So. 2d 204, 211 (Miss. 1991) (*citing **Scott v. Mississippi***, 190 F. 2d 134, 136 (5th Cir. 1951)). Rockwell simply failed to meet his burden of proof.

¶18. Although I disagree with the majority on this point, nonetheless, it is unnecessary in deciding this case to consider the issue in the context of a requirement for a party to show formal adjudication of incompetence in order to toll the running of the statute of limitations. This is true because of the trial judge's dual reasons cited for granting summary judgment.

¶19. Here, the trial judge's result was right for the alternative reason that he cited. Rockwell simply allowed the statute of limitations to run when he had more than sufficient time remaining to consult with counsel and prepare litigation after he was apparently no longer suffering from confusion and/or memory loss. Rockwell's affidavit and his supporting unsworn and unauthenticated medical report of Dr. Walter Eckman do not indicate any confusion, memory loss, or other problems associated with any disability of unsoundness of mind past the Summer of 1993. Thus Rockwell had as a minimum, from the Summer of 1993 until August 1, 1995 sufficient time within which to consult with an attorney, prepare for, and file his lawsuit. There could not possibly be any genuine issue of material fact whatsoever from the pleadings and affidavits filed by Rockwell as to whether he suffered from any unsoundness of mind during the two years immediately preceding the required deadline for filing his lawsuit. It is most unfortunate that the statute of limitations was allowed to run, but the mistake here was completely Rockwell's. The majority is simply attempting to extend the statute of limitations in a manner that was never intended by the Legislature. The majority's statement to the contrary, its view is indeed a liberal interpretation of the statute rather than a plain reading thereof. Rockwell's lawsuit is time barred by Miss. Code Ann. § 15-1-49 and he is not entitled to claim the benefit of the savings clause of Miss. Code Ann. § 15-1-59 for the reasons set forth herein.

¶20. I respectfully dissent.

**MILLS, J., JOINS THIS OPINION.**