¶ 34. I concur with the result reached by the majority as far as it goes. It does not go far enough.
¶ 35. The doctors in this case misdiagnosed Vincent two different times before he finally received treatment for his pnuemococcal meningitis, which ultimately resulted in the loss of his hearing. The State, through our Legislature, has in the past intervened to protect the rights of children by enacting the minor savings clause in Miss. Code Ann. § 15-1-59 (1995). The savings statute serves to toll the applicable statute of limitations until that time when a minor reaches his majority. "The purpose of the savings statute is to protect the legal rights of those who are unable to assert their own rights due to disability." Rockwell v. Preferred Risk Mut. Ins. Co.,710 So.2d 388, 391 (Miss. 1998). Discussing child support in Wilson v. Wilson, 464 So.2d 496, 499 (Miss. 1985), we held, "To allow the statute of limitations to run during the disability of the minor, the very period through which the minor needs and is entitled to the support of his parents, would defy reason." We have previously held that the one-year statute of limitations in the Mississippi Tort Claims Act does not begin to run until the reasonable discovery of the negligence in latent injury cases. Barnes v. Singing River Hosp. Sys., 733 So.2d 199, 205-06 (Miss. 1999). Mississippi's children deserve that same courtesy through tolling the statute of limitations to protect their rights during minority.
¶ 36. Allowing the statute of limitations to run during Vincent's minority, "the very period through which the minor needs and is entitled to" the protection of the State, defies reason, and surely was not the intention of our Legislature. Our children should be our first priority. Where a *Page 693 
choice must be made, it is our children, not our State, who should be safeguarded by our laws.
¶ 37. But, in Marcum v. Hancock County Sch. Dist., 97-CA-00916, 1999 WL 353073 (Miss. June 3, 1999), we held that the MTCA was not subject to the minor's savings clause in § 15-1-59. We were clear, careful and wrong.
¶ 38. I would overrule Marcum. I would read the savings clause into the MTCA, and I would open our courts to children.
PITTMAN, P.J. AND WALLER, J., JOIN THIS OPINION.