805 So.2d 613 (2002)
Corey MALLERY, As Next Friend and Administrator of the Estate of Henry Shumpert, Appellant,
v.
Don TAYLOR, Individually and in his Official Capacity as Executive Director of the Department of Human Services; Walter Woods, Individually and in his Official Capacity as Director of Youth Services; Nanolla Yazdani; Individually and in his Official Capacity as Superintendent and Administrator of Oakley Training School; Nita Jimerson, Individually and in her Official Capacity as the Former Head Nurse at Oakley Training School; Fred Lucas, Individually and in his Official Capacity as Attending Nurse at Oakley Training School; Cherry Warner, Individually and in her Official Capacity as Nurse at Oakley Training School and Dr. Carl Moran, Individually and in his Official Capacity as Physician and Medical Director at Oakley Training School, Appellees.
No. 1999-CA-01281-COA.
Court of Appeals of Mississippi.
January 22, 2002.
*615 Ray Charles Carter, Madison, Attorney for Appellant.
Office of the Attorney General by T. Hunt Cole, Jr., Jackson, Attorney for Appellee.
Before McMILLIN, C.J., THOMAS, and MYERS, JJ.
THOMAS, J., For The Court.
¶ 1. Corey Mallery, survivor and administrator of the estate of Henry Shumpert, who died of meningitis while committed to the Oakley Training School, filed a wrongful death action in the Circuit Court of Hinds County against state officials based on allegations of negligence and deliberate indifference along with a claim under the Mississippi Tort Claims Act. The defendants filed motions for summary judgment, and after a hearing on the issues, the motions were granted to all of the defendants except for the claims brought under the Mississippi Tort Claims Act. After an appeal was filed, summary judgment was granted as to the claims brought under the Tort Claims Act. The defendants filed a motion to dismiss the appeal as premature. The Mississippi Supreme Court held that survivors' premature notice of appeal was sufficient to confer jurisdiction on appellate court. On appeal from *616 the order granting summary judgments, Mallery asserts the following issues:
I. THE PLAINTIFF'S ORIGINAL AND AMENDED COMPLAINTS SET FORTH AND STATED FACTS SUFFICIENT TO MAKE A PRIMA FACIE CASE OF NEGLIGENCE UNDER THE MISSISSIPPI TORT CLAIM ACT, AND A PRIMA FACIE CASE OF DELIBERATE INDIFFERENCE UNDER 42 U.S.C., SECTION 1983.
II. THAT DEFENDANTS HAVE WAIVED SOVEREIGN IMMUNITY TO THE EXTENT ALLOWED BY MCA, SECTION 11-46-5 (WAIVER OF IMMUNITY, COURSE AND SCOPE OF EMPLOYMENT); MCA, SECTION 11-46-15 (LIMITATIONS OF LIABILITY); AND MCA, SECTION 11-46-16 (AUTHORITY TO PURCHASE LIABILITY INSURANCE, WAIVER OF IMMUNITY TO THE EXTENT OF INSURANCE COVERAGE).
III. THAT PLAINTIFF, NINETY DAYS PRIOR TO SUIT, GAVE NOTICE OF CLAIM AS REQUIRED PURSUANT TO MCA, SECTION 11-46-11(2) AND THAT NOTICE WAS ADEQUATE AS IT SUBSTANTIALLY COMPLIED IN EVERY MANNER TO THE NOTICE REQUIREMENTS.
IV. THAT DEFENDANTS ACTED OUTSIDE THE COURSE, BOUNDS AND SCOPE OF THEIR EMPLOYMENT, EXCEEDED THEIR AUTHORITY, AND HAS BEEN ENGAGED IN FRAUD, MALICE, AND A COVER UP OF THE FACTS TO WHICH THERE IS NO IMMUNITY OF ANY NATURE.
V. THAT THE DEFENDANTS, MISSISSIPPI DEPARTMENT OF HUMAN SERVICES AND OAKLEY TRAINING SCHOOL, WERE IN KNOWING SERIOUS VIOLATIONS OF RULES AND MANDATES SET FORTH AND ESTABLISHED FOR OAKLEY TRAINING SCHOOL BY THE UNITED STATES DISTRICT COURT OF MISSISSIPPI IN KENNETH MORGAN V. DOUGLAS SPROUT ON MAY 26, 1977, IN CIVIL ACTION J75-21(N), AS WELL AS NATIONAL STANDARDS FOR HEALTH SERVICES IN JUVENILE DETENTION AND CONFINEMENT FACILITIES AND JUVENILE TRAINING SCHOOLS. THEIR ACTS ALONE CONSTITUTE NEGLIGENCE PER SE, OR OTHER GENERAL NEGLIGENCE, AND WAS A CONTRIBUTING CAUSE TO SHUMPERT'S DEATH.
VI. THAT QUALIFIED IMMUNITY DOES NOT PROTECT OR ABSOLVE THESE DEFENDANTS FROM LIABILITY BECAUSE THEY FAILED TO EXERCISE PROPER AND REASONABLE CARE TOWARD SHUMPERT, DENIED SHUMPERT PHYSICIAN CARE, WHICH HE OBVIOUSLY BADLY NEEDED, ACTED WITH DELIBERATE INDIFFERENCE TOWARD SHUPERT'S LAST SICKNESS AND SERIOUS MEDICAL *617 NEEDS, EXCEEDED THEIR AUTHORITY, AND VIOLATED CLEARLY SETTLED LAW.
VII. THAT THE NURSES AT OAKLEY TRAINING SCHOOL, AT THE TIME OF SHUMPERT'S LAST SICKNESS, WERE ACTIVELY ENGAGED IN THE PRACTICE OF MEDICINE, FAR BEYOND THE SCOPE OF THEIR TRAINING, EXPERIENCE, CAPABILITY, AND QUALIFICATIONS.
VIII. THAT SUING DEFENDANTS IN THEIR OFFICIAL CAPACITIES IS THE SAME AS USING THE DEPARTMENT OF HUMAN SERVICES OR STATE OF MISSISSIPPI AND SUCH SUIT IS NOT BARRED BY U.S.C., SECTION 1983, OR STATE LAW.
IX. THAT QUALIFIED IMMUNITY DOES NOT BAR SUITS AGAINST THESE DEFENDANTS IN THEIR INDIVIDUAL CAPACITIES.
X. THE DEFENDANT'S ARGUMENT THAT THIS ACTION IS NOT PROSECUTED UNDER AUTHORITY OF THE MISS. CODE ANN., SECTION 11-46-1, AND PLAINTIFF HAS NOT PERFECTED OR PROSECUTED ANY OTHER TORT CLAIM IS WITHOUT MERIT.
XI. THAT THE SUMMARY JUDGMENT, AND MOTION TO DISMISS, GRANTED BY THE CIRCUIT JUDGE WAS WRONGFUL AND EQUALLY WITHOUT MERIT AS A GENUINE ISSUE AS TO A MATERIAL FACT CLEARLY EXISTED.
XII. RESPONDENT SUPERIOR IN ACTION PROSECUTED UNDER 42 U.S.C., SECTION 1983, DOES EXIST OR LIE IN SOME SITUATIONS SUCH AS THE CASE AT BAR.
XIII. THAT ALL DEFENDANTS NAMED IN THE ORIGINAL AND AMENDED COMPLAINT WERE NEGLIGENT AT LEAST TO SOME DEGREE WITH RESPECT TO THE CUSTODIAL AND MEDICAL CARE SUPPOSEDLY AND ACTUALLY PROVIDED TO SHUMPERT BY VIRTUE OF THEIR RESPECTIVE POSITIONS AND DUTIES AT OAKLEY TRAINING SCHOOL.
XIV. THAT NURSE LUCAS CERTAINLY SHOULD HAVE REFERRED SHUMPERT TO A HOSPITAL OR PHYSICIAN MUCH EARLIER THAN HE DID.
XV. THAT CADETS AT MISSISSIPPI'S TWO STATE TRAILING SCHOOLS ARE NOT PRISONERS IN THE USUAL SENSE OF THE WORD AND SHOULD NOT BE TREATED AS INMATES WITH RESPECT TO THE PROVISION OF MEDICAL AND CUSTODIAL CARE.
XVI. THAT A LATENT DISCOVERY OF FACTS RELEVANT AND CRITICAL ISSUES OF THE CASE WILL ALLOW A DISMISSED PARTY OR AN ISSUE TO BECOME REINSTATED.
¶ 2. For purposes of clarity and analysis, the State chose to restate the issues and *618 we will use the State's restatement in our analysis. The issues are as follows:
I. WHETHER THE LOWER COURT'S GRANT OF SUMMARY JUDGMENT IN FAVOR OF NURSE FRED LUCAS AND THE OTHER DEFENDANTS MAY BE AFFIRMED ON PLAINTIFF'S SECTION 1983 CLAIM BECAUSE PLAINTIFF FAILED TO COME FORWARD WITH SIGNIFICANT, PROBATIVE, ADMISSIBLE EVIDENCE TO SUPPORT THE ESSENTIAL ELEMENTS OF A "DELIBERATE INDIFFERENCE" CLAIM AS DEFINED BY THE UNITED STATES SUPREME COURT, THIS COURT, AND FEDERAL COURTS.
II. WHETHER THE LOWER COURT'S GRANT OF SUMMARY JUDGMENT IN FAVOR OF THE DEFENDANTS OTHER THAN NURSE FRED LUCAS MAY BE AFFIRMED FOR LACK OF PERSONAL PARTICIPATION AND LACK OF RESPONDENT SUPERIOR AS A BASIS FOR LIABILITY IN SECTION 1983 ACTIONS.
III. WHETHER THE LOWER COURT'S ORDER DISMISSING PLAINTIFF'S PURPORTED TORTS CLAIM ACT CLAIM SHOULD BE AFFIRMED BECAUSE (1) EMPLOYEES, THE ONLY DEFENDANTS NAMED AS DEFENDANTS, CANNOT BE INDIVIDUALLY LIABLE FOR ACTS IN THE COURSE AND SCOPE OF EMPLOYMENT UNDER THE TORTS CLAIMS ACT, AND (2) THE PLAINTIFF FAILED OR REFUSED TO NAME AND SUE THE GOVERNMENT ENTITY AS A PARTY DEFENDANT IN THE ACTION AS REQUIRED BY THE TORTS CLAIMS ACT AND AS A NECESSARY PARTY.
IV. WHETHER, IN THE ALTERNATIVE, THE LOWER COURT ORDER DISMISSING THE TORTS CLAIMS ACT CLAIM MAY BE AFFIRMED ON THE GROUND THAT OAKLEY TRAINING SCHOOL IS A "DETENTION CENTER" OR "SIMILAR INSTITUTION" WITHIN THE MEANING OF THE TORTS CLAIMS ACT AND WHICH IS THEREFORE EXEMPT FROM SUIT BY A DELINQUENT YOUTH COMMITTED TO THE FACILITY.
Finding no error, we affirm.

FACTS
¶ 3. On September 6, 1996, Henry Shumpert, age fifteen, was committed to Oakley Training School in Raymond, Mississippi. A medical exam was performed by Dr. Carl Moran and it was noted that Shumpert had been hospitalized while committed to Columbia Training School with a case of meningitis. No restrictions were placed on Shumpert's status at Oakley. Over the following months, Shumpert would have numerous treatments at the Oakley clinic for symptoms including drowsiness, sneezing, coughing, sore throat, chest pain, vomiting, and high temperature among others.
¶ 4. On December 30, 1996, Shumpert went to the clinic complaining of fever, shivers, and chills at 10:15 a.m. Nurse Fred Lucas conducted a standard examination of Shumpert and found a fever of 101.6 degrees and no other symptoms. Nurse Lucas administered two Tylenol and one Motrin. Shumpert's temperature *619 dropped and at approximately 4:00 p.m. Lucas gave Shumpert two more Tylenol and another Motrin and released him from the clinic. At 5:30 p.m., Lucas again saw Shumpert who complained of a strain in his calf muscle. Lucas took a brief oral history and gave him a Motrin for the pain. Lucas felt there was no reason to believe the muscle strain was in any way related to Shumpert's earlier complaints.
¶ 5. At 10:30 p.m., Lucas again saw Shumpert in the clinic. Shumpert again had fever and appeared listless. Lucas checked his blood pressure and pulse and found them both normal. He checked his respiration which was also normal and found no rash on his abdomen. Not finding any seizure activity or respiratory distress, Lucas gave Shumpert two Tylenol and a Keflex and released him back to his quarters. At 2:00 a.m. Lucas was called to Shumpert's quarters. Shumpert was in respiratory distress and had blood coming from his mouth. Lucas requested an ambulance and found that one had already been called. Lucas attempted to clear Shumpert's airway and assisted the paramedics. Shumpert was transported to Methodist Hospital and was pronounced dead later that morning. It was later determined that Shumpert had died from a form of meningitis.
¶ 6. Corey Mallery, survivor and administrator of the estate of Henry Shumpert, filed a complaint in Hinds County Circuit Court alleging a United States Code Section 1983 claim of deliberate indifference by Oakley Training School against Nurse Fred Lucas, who treated Shumpert, and against other various supervisors and employees of Oakley and the Department of Human Services including Don Taylor, Executive Director, Department of Human Service; Walter Woods, Director of Youth Services of the Department of Human Services; Nanolla Yazdoni, Superintendent and Administrator of Oakley Training School; Nita Jimerson, former Supervisor of Nursing at Oakley Training School; Cheryl Warner, nurse at Oakley Training School; Irvin Holson, former medical director and administrator for Oakley; David Anthony, a Youth Court Counselor in Tupelo; James Culliver, an administrator for Columbia Training School; and Dr. Carl Moran, physician and medical director at Oakley Training School. Mallery also filed a claim under the Mississippi Tort Claim Act.
¶ 7. Counsel for Dr. Moran first filed a motion for summary judgment arguing that Mallery's notice of claim was inadequate and that Dr. Moran was on a cruise in the Caribbean Islands and could therefore not be negligent or indifferent with respect to Shumpert's sickness or death. This motion was heard and was granted. Shortly after Dr. Moran moved for summary judgment, the other defendants also filed a motion for summary judgment. They argued that there was no evidence to support a Section 1983 claim of deliberate indifference to Shumpert's medical needs, and that mere negligence, even if demonstrated, was not enough; that as to the Department of Human Services and Oakley employees other than Nurse Lucas, a Section 1983 action could not be based on respondeat superior; that a Tort Claims Act suit had not been properly prosecuted and individual employee defendants named in the suit could not be liable under the Tort Claims Act; and that an incarcerated person could not bring suit under the Tort Claims Act.
¶ 8. After oral argument, the Hinds County Circuit Court granted summary judgment in favor of all defendants on the Section 1983 claims. Mallery filed an appeal as to all summary judgment motions, but later agreed to dismiss Dr. Carl Moran from the appeal. The circuit court, after *620 further consideration, then entered a final order dismissing the Tort Claims Act claim.

ANALYSIS
¶ 9. We conduct a de novo review of the record to determine whether the trial court properly granted a motion for summary judgment. Nationwide Mut. Ins. Co. v. Garriga, 636 So.2d 658, 661 (Miss.1994); Pace v. Financial Sec. Life, 608 So.2d 1135, 1138 (Miss.1992); Short v. Columbus Rubber & Gasket Co., 535 So.2d 61, 63 (Miss.1988). The de novo review includes looking at the evidentiary matters and viewing them in the light most favorable to the party against whom the motion has been made. Nationwide Mut. Ins. Co., 636 So.2d at 661. The movant has the burden of proving that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Daniels v. GNB, Inc., 629 So.2d 595, 599 (Miss.1993). "Summary judgment is appropriate if the evidence before the Courtadmissions in the pleadings, answers to interrogatories, depositions, affidavits, etc.shows there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law." Rockwell v. Preferred Risk Mut. Ins. Co., 710 So.2d 388, 389 (Miss.1998) (citing Newell v. Hinton, 556 So.2d 1037, 1041 (Miss.1990)).

I. WHETHER THE LOWER COURT'S GRANT OF SUMMARY JUDGMENT IN FAVOR OF NURSE FRED LUCAS AND THE OTHER DEFENDANTS MAY BE AFFIRMED ON PLAINTIFF'S SECTION 1983 CLAIM BECAUSE PLAINTIFF FAILED TO COME FORWARD WITH SIGNIFICANT, PROBATIVE, ADMISSIBLE EVIDENCE TO SUPPORT THE ESSENTIAL ELEMENTS OF A "DELIBERATE INDIFFERENCE" CLAIM AS DEFINED BY THE UNITED STATES SUPREME COURT, THIS COURT, AND FEDERAL COURTS.
¶ 10. In cases based on claims made under 42 U.S.C., Section 1983, this Court is obligated to follow the substantive federal law regarding Section 1983 as interpreted by the United States Supreme Court. Howlett v. Rose, 496 U.S. 356, 375-376, 110 S.Ct. 2430, 110 L.Ed.2d 332 (1990). This Court follows the Supreme Court in section 1983 litigation. See Bilbo v. Thigpen, 647 So.2d 678, 685 (Miss.1994). Unsuccessful medical treatment does not give rise to a Section 1983 cause of action. Johnson v. Treen, 759 F.2d 1236, 1238 (5th Cir.1985). Nor does "[m]ere negligence, neglect or medical malpractice." Fielder v. Bosshard, 590 F.2d 105, 107 (5th Cir. 1979).
¶ 11. The substantive law defines the essential elements of a claim and identifies which facts are truly "material" for purposes of summary judgment analysis. Sherrod v. U.S. Fidelity and Guar. Co., 518 So.2d 640, 643 (Miss.1987). A party opposing summary judgment must come forward with significant probative evidence to support each essential element of his claim or defense. Wilbourn v. Stennett, Wilkinson, and Ward, 687 So.2d 1205, 1214 (Miss.1996). Conclusory allegations, bare assertions, and speculations do not suffice. Brewton v. Reichbold Chem., Inc., 707 So.2d 618, 620 (Miss.1998).
¶ 12. In order to establish a Section 1983 claim of "deliberate indifference" due to inadequate medical treatment, a plaintiff must by evidence demonstrate, inter alia, a "sufficiently culpable state of mind." Wilson v. Seiter, 501 U.S. 294, 297, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991). An official is not liable unless he subjectively knows of and disregards an *621 excessive risk to inmate health. Farmer v. Brennan, 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). A "failure to alleviate a significant risk that an official should have perceived but did not ... cannot be condemned ... under the Court's cases." Id. at 826, 114 S.Ct. 1970. Accord, Bilbo, 647 So.2d at 685.
¶ 13. In the case at hand, there is no evidence to establish a Section 1983 "deliberate indifference" claim. There is no evidence in the record that Nurse Fred Lucas actually knew Henry Shumpert had meningitis rather than a cold virus or the flu and that Lucas deliberately ignored or mistreated Shumpert for the serious condition. Lucas administered treatment based on his medical assessment of Shumpert's symptoms. "The fact that the treatment was inadequate for the severity of his condition does not indicate that the [medical personnel] in question committed `willful wrongs or malicious acts' nor that their actions resulted from anything other than a mis-diagnosis of the meningitis." Sparks v. Kim, 701 So.2d 1113, 1117 (Miss.1997). The order granting summary judgment was properly granted and is affirmed.

II. WHETHER THE LOWER COURT'S GRANT OF SUMMARY JUDGMENT IN FAVOR OF THE DEFENDANTS OTHER THAN NURSE FRED LUCAS MAY BE AFFIRMED FOR LACK OF PERSONAL PARTICIPATION AND LACK OF RESPONDEAT SUPERIOR AS A BASIS FOR LIABILITY IN SECTION 1983 ACTIONS.
¶ 14. Mallery also brought Section 1983 "deliberate indifference" claims against the following Department of Human Services and Oakley Training School employees: Don Taylor, executive director, Department of Human Service; Walter Woods, director of Youth Services of the Department of Human Services; Nanolla Yazdoni, superintendent and administrator of Oakley Training School; Nita Jimerson, former supervisor of nursing at Oakley Training School; Cherryl Warner, nurse at Oakley Training School; Irvin Holson, former medical director and administrator for Oakley; David Anthony, a youth court counselor in Tupelo; James Culliver, an administrator for Columbia Training School; and Dr. Carl Moran, physician and medical director at Oakley Training School. Dr. Moran was separately represented and was granted summary judgment and subsequently dismissed from this appeal by Mallery.
¶ 15. In order for an official to be held individually liable under a Section 1983 claim, there must be evidence of sufficient personal involvement by the official in the alleged wrongful infliction of injury. Woods v. Edwards, 51 F.3d 577, 583 (5th. Cir.1995). In this case, there was no evidence presented that any of the officials other than nurse Fred Lucas had sufficient personal involvement with Henry Shumpert. None had any direct personal participation in the medical treatment or decisions made regarding Shumpert's health. There is no evidence to show that any of them actually knew Henry Shumpert had meningitis and deliberately did nothing about it or acted with a culpable state of mind. Farmer, 511 U.S. at 838, 114 S.Ct. 1970; Bilbo 647 So.2d at 685.
¶ 16. In Section 1983 actions, vicarious liability cannot be imputed to other defendants under the doctrine of respondeat superior, even if Nurse Lucas was found to be liable. Stewart v. Murphy, 174 F.3d 530, 536 (5th Cir.1999); Eason v. Thaler, 73 F.3d 1322, 1327 (5th Cir.1996); Bilbo, 647 So.2d at 686-687. "Supervisors may not be held liable solely on the basis of their employer-employee relationship. In a Section 1983 action seeking damages, liability of prison officials will exist only if the defendant(s) *622 were personally involved in the deprivation of the plaintiffs civil rights." Bilbo, 647 So.2d at 687. The lower court's grant of the motion for summary judgment is affirmed.

III. WHETHER THE LOWER COURT'S ORDER DISMISSING PLAINTIFF'S PURPORTED TORTS CLAIM ACT CLAIM SHOULD BE AFFIRMED BECAUSE (1) EMPLOYEES, THE ONLY DEFENDANTS NAMED AS DEFENDANTS, CANNOT BE INDIVIDUALLY LIABLE FOR ACTS IN THE COURSE AND SCOPE OF EMPLOYMENT UNDER THE TORTS CLAIMS ACT, AND (2) THE PLAINTIFF FAILED OR REFUSED TO NAME AND SUE THE GOVERNMENT ENTITY AS A PARTY DEFENDANT IN THE ACTION AS REQUIRED BY THE TORTS CLAIMS ACT AND AS A NECESSARY PARTY.

IV. WHETHER, IN THE ALTERNATIVE, THE LOWER COURT ORDER DISMISSING THE TORTS CLAIMS ACT CLAIM MAY BE AFFIRMED ON THE GROUND THAT OAKLEY TRAINING SCHOOL IS A "DETENTION CENTER" OR "SIMILAR INSTITUTION" WITHIN THE MEANING OF THE TORTS CLAIMS ACT AND WHICH IS THEREFORE EXEMPT FROM SUIT BY A DELINQUENT YOUTH COMMITTED TO THE FACILITY.
¶ 17. The above issues can be combined into one issue regarding the Tort Claims Act claim brought forth by Mallery. In his suit, Mallery named only individual employees and officials as defendants. In his complaint, Mallery alleged that all of these employees were acting "in the course and scope of [their] employment." Mississippi Code Annotated Section 11-46-7(2) (Rev.1999) states that under the Tort Claims Act, "no employee shall be held personally liable for acts or omissions occurring within the course and scope of the employee's duties." None of the individuals could be held liable under a Tort Claims Act claim because the complaint alleged that they were acting within the course and scope of their employment. Duncan ex rel. Duncan v. Chamblee, 757 So.2d 946, 950 (Miss.1999).
¶ 18. No evidence was presented that any of the defendants were engaged in conduct consisting of "fraud, malice, libel, slander, defamation, or any criminal offense" which would negate immunity for the employee. Gale v. Thomas, 759 So.2d 1150, 1156 (Miss.1999). Absent evidence showing otherwise, the individual employee defendants are immune to the Tort Claims Act claim because, as stated in the complaint, they were acting in the course of their employment.
¶ 19. The Tort Claims Act requires that a governmental entity against which a money judgment is sought must be named as a defendant. Mississippi Code Annotated Section 11-46-11(3) (Rev. 1999) specifies that the claimant has an additional ninety days to "file any action against the government entity served with proper claim notice." Unless the action is brought solely against an employee acting outside of the scope of his employment, the government entity must be named and sued as the party in interest under the Tort Claims Act. The fact that an employee may be joined as additional party defendants as defined in Miss.Code Ann. § 11-46-7(2) shows that the entity itself must be separately named if relief is sought against it. The lower court correctly dismissed the Tort Claims Act claim.
¶ 20. Even if the claim were properly brought against the government entity, it *623 would fail. Miss Code Ann. § 11-46-9(1)(m) of the Tort Claims Act provides the following:
A governmental entity and its employees acting within the course and scope of their employment or duties shall not be liable for any claim of any claimant who at the time the claim arises is an inmate of any detention center, jail, workhouse, penal farm, penitentiary or other such institution, regardless of whether such claimant is or is not an inmate of any detention center, jail, workhouse, penal farm, penitentiary or other such institution when the claim is filed
Henry Shumpert was committed from Lee County to Oakley Training School for assault. Mallery's initial complaint stated that Shumpert was "incarcerated at Oakley Training School."
¶ 21. Oakley Training School is defined as a facility "used for the detention, training, care, treatment ... of delinquent children properly committed to or confined in said facility by a court on account of such delinquency." Miss.Code Ann. § 43-27-10(a) and (b) (Rev.1999). Oakley is viewed as a detention center by the legislature, and therefore clearly would be immune from the Tort Claims Act under section 11-46-9(1)(m) quoted above. The lower court is affirmed.
¶ 22. THE JUDGMENT OF THE CIRCUIT COURT OF HINDS COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING and SOUTHWICK, P.JJ., BRIDGES, LEE, IRVING, MYERS and BRANTLEY, JJ., concur. CHANDLER, J., not participating.