**Ralph BAKER, Appellant**

v.

**Michael WITTEVRONGEL; Union Police Dept.; Detective Edward Chabek; Edison Police Department; Sgt. Joseph Shannon; Greenbrook Police Department; Sgt. Randy Stratton; Jennifer F. Banaag; Wayne Forrest, Prosecutor Somerset County; James Lankford, Asst. Prosecutor Somerset County; Theodore J. Romankow, Prosecutor Union County; Natalie S. Candela, Asst. Prosecutor, Union County; Bruce Kaplan, Prosecutor Middlesex County; Martha B. McKinney, Assistant Prosecutor Middlesex County; Yvonne Smith Segars, Public Defender of New Jersey; Anne Milgram, Attorney General.**

No. 09–2174.

United States Court of Appeals,
Third Circuit.

Submitted for Possible Dismissal
Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action

Pursuant to Third Circuit LAR 27.4 and
I.O.P. 10.6 Aug. 13, 2009.

Opinion filed: Jan. 29, 2010.

Ralph Baker, Trenton, NJ, for Appellant.

Arnold R. Gerst, Esq., Weiner Lesniak, Parsippany, NJ, David A. Schwartz, Esq., Schwartz & Posnock, Ocean, NJ, Louis N. Rainone, Esq., Decotiis, Fitzpatrick, Cole & Wisler, Teaneck, NJ, Robert A. Rusignola, Esq., Short Hills, NJ, Rahat N. Babar, Esq., David Bender, Esq., Office of Attorney General of New Jersey, Richard J. Hughes Justice Complex Division f Law, Jill Deitch, Esq., Office of Attorney General of New Jersey, Trenton, NJ, Christopher M. Farella, Esq., Stahl, Farella & Sarokin, Westfield, NJ, Florina A. Moldovan, Esq., Mcelroy, Deutsch, Mulvaney & Carpenter, Morristown, NJ, William P. Flahive, Esq., Lambertville, NJ, for Appellee.

Before: RENDELL, HARDIMAN and ROTH, Circuit Judges.

## OPINION

PER CURIAM.

Ralph Baker, a prisoner, appeals from the order of the United States District Court for the District of New Jersey dismissing his civil rights complaint.

In July 2002, Baker was arrested and charged with committing four armed robberies and related offenses in Union, Middlesex, and Somerset Counties. He was acquitted of armed robbery after a jury trial in Union County in March 2004 and was found guilty of the lesser included offense of theft and related gun charges;

he was sentenced to seven and one-half years in prison. The New Jersey Superior Court Appellate Division ("Superior Court") affirmed the convictions in February 2007.[1]

In Middlesex County, Baker was tried by a jury and convicted in 2005 of two counts of armed robbery and related offenses and was sentenced to life imprisonment on one count of armed robbery and to lesser terms on the remaining charges. In October 2006, the Superior Court denied his appeal without prejudice to his filing a motion for leave to file an appeal *nunc pro tunc*.[2]

In January 2008, Baker filed a civil rights complaint pursuant to 42 U.S.C. §§ 1983, 1985, and 1986, against the police officers, police departments, county prosecutors, the public defender, and the Attorney General of New Jersey for claims arising out of the indictment in Somerset County and his convictions in Union and Middlesex Counties for theft and armed robbery.[3] According to Baker, he filed separate motions for new trials in Union County and Middlesex County in December 2007, alleging that DNA tests conducted in 2006 by the New Jersey State Police at the request of Baker's attorney in the Somerset County case linked a black ski cap used in the robberies to another suspect, Malik Johnson.[4] In response, the prosecutor defendants filed allegedly false affidavits attesting that, statistically, Baker could not be ruled out as a suspect. In August and September 2007, the trial courts in both Middlesex County and Union County denied his motions for new trials. As we have already noted, Baker's appeal of the denial of his new trial motions was denied. The New Jersey Supreme Court denied certification in October 2008.

In his § 1983 complaint, Baker claimed he was subjected to false arrest and false imprisonment and that the defendants engaged in malicious prosecution and conspiracy to maliciously prosecute him. He sought an order from the District Court enjoining Union, Middlesex, and Somerset Counties and the individual defendants from presenting allegedly false DNA evi-

1. Baker was also found guilty and convicted of another weapons offense under a separate indictment, for which he received a seventeen year sentence. The Superior Court reversed and remanded the conviction. It appears that the indictment was dismissed sometime thereafter.

2. It appears that Baker has not successfully filed a direct appeal of his conviction and life sentence. The last Superior Court order entered with respect to the Middlesex County case is the order entered in March 2008, denying his appeal *nunc pro tunc* (of his conviction and of the denial of his new trial motions) without prejudice. The order advised Baker that he could file an appeal and a motion for leave to file an appeal *nunc* pro tunc in which he should explain the causes for the delay in filing a direct appeal. There appears to be no appeal currently pending in the Superior Court.

3. Baker attempted to amend his complaint twice. He did not serve the first amended complaint on the defendants. Baker requested that the District Court return the first amended complaint because he filed it by mistake. *See* D. Ct. Dkt. No. 13. As for the second amended complaint, which added a claim for damages, the District Court denied Baker's request to amend the complaint as futile because the amendment would not change the result.

4. In May 2006, Union County voluntarily dismissed an indictment charging Baker with a second armed robbery and related offenses because the frail elderly victim could not travel from his home in Florida. (*See* brief in support of summary judgment, "Declaration of D. Schwartz," Exh. "J"). Baker claims that the Somerset County indictment, charging Baker with armed robbery and related offenses, was dismissed voluntarily on April 3, 2008, because of the DNA testing results.

dence and using constitutionally infirm photographic lineup identifications in the Superior Court and New Jersey Supreme Court and in the trial court in Somerset County where the charges were still pending. He demanded that the District Court order a federal investigation into the matter.[5] He did not request damages.

Detective Edward Chabek filed a motion for summary judgment, and the remaining defendants (except Sergeant Joseph Shannon) filed motions to dismiss, claiming, among other things, that the complaint was barred by *Heck v. Humphrey*, the *Rooker–Feldman* doctrine and the *Younger* abstention doctrine.[6] The District Court denied Baker's motion to amend his complaint, granted the defendants' dispositive motions, and dismissed the complaint in its entirety as to all defendants.[7] Baker filed this timely appeal.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Baker has been granted leave to proceed *in forma pauperis* on appeal. Because his appeal lacks arguable merit, we will dismiss it pursuant to § 1915(e)(2)(B)(i). *See Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir.2000).

■ The District Court properly dismissed Baker's claims for injunctive relief. We agree with the District Court that, because the complaint implies the invalidity of his convictions in Middlesex and Union Counties, his sole remedy for contesting his convictions and/or sentences was through a petition for a writ of habeas corpus. *See Nelson v. Campbell*, 541 U.S.

637, 643, 646, 124 S.Ct. 2117, 158 L.Ed.2d 924 (2004); *see also Heck*, 512 U.S. at 485–86, 114 S.Ct. 2364. The Somerset County armed robbery charge was pending trial at the time Baker filed his complaint. The trial court's dismissal of the Somerset County indictment in April 2008 renders moot Baker's request for an injunction barring the Somerset County defendants from using certain evidence at his criminal trial. To the extent that he also requested a broad injunction barring the use of the evidence at any future trial, his claim is too speculative to sustain.

■ The District Court did not err in dismissing Baker's motion to amend the complaint. Amendment might have been required under *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir.2002), absent any equitable considerations or the futility of the amendment. Here, granting leave to amend would have been futile because the proposed amended complaint (adding a claims for damages) would fail to state a claim upon which relief could be granted. With the exception of the Somerset County defendants, Baker's damages claims for malicious prosecution and conspiracy against the defendants are barred by the favorable termination rule announced in Heck because the unlawfulness of the defendants' alleged actions imply the invalidity of the Union and Middlesex County convictions and Baker cannot show that these convictions have been reversed or otherwise invalidated. *Heck v. Humphrey*, 512 U.S. at 486–87, 114 S.Ct. 2364.

---

**5.** The District Court did not err in denying Baker's request for relief as it lacks authority to order a such an investigation.

**6.** *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Younger v. Har-*

*ris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971).

**7.** By dismissing the complaint "in its entirety," the District Court dismissed all claims against Middlesex County Defendant Sergeant Joseph Shannon. The parties had stipulated to the dismissal of all claims against the public defender, Yvonne Smith Segars.

Baker's acquittal by a jury on the armed robbery charge in Union County did not constitute a "favorable termination" because he was convicted of the lesser-included offense of theft in the same criminal proceeding for the same criminal act. *See e.g., Kossler v. Crisanti*, 564 F.3d 181, 188 (3d Cir.2009) (concluding that the criminal judgment as a whole must indicate the plaintiff's innocence of the alleged misconduct charged).

▇▇▇ As for the Somerset County defendants, the trial court's dismissal of the Somerset County indictment at the prosecutor's request satisfies Heck's favorable termination rule. *See Kossler*, 564 F.3d at 187 (listing the ways in which a plaintiff may demonstrate favorable termination, including "the formal abandonment of the proceedings by the public prosecutor"). The Somerset County prosecutors, Wayne Forrest and James Lankford, however, are absolutely immune from suit for their actions in presenting evidence in response to Baker's new trial motion. *See Imbler v. Pachtman*, 424 U.S. 409, 431, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976) (holding that prosecutor was absolutely immune from a suit for damages because his alleged actions were within the scope of the function of "initiating a prosecution and presenting the State's case"). As for Somerset County defendants Sergeant Randy Stratton and defense counsel, Jack Venturi, the amended § 1983 malicious prosecution and conspiracy claims require that Baker demonstrate, among other things, that Somerset County initiated criminal proceedings against him without probable cause. *See Estate of Smith v. Marasco*, 318 F.3d 497, 521–22 (3d Cir.2003). Baker's arrest was based in part on the victim's independent photographic identification of him, which is sufficient to establish probable cause to initiate criminal proceedings against him. *See Wilson v. Russo*, 212 F.3d 781, 789 (3d

Cir.2000) ("probable cause to arrest exists when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person arrested") (citation omitted). Notably, the DNA testing results at issue in this case were conducted in 2005 and the results reported in 2006, well after Baker was arrested and indicted. Thus, we conclude that amendment of Baker's § 1983 malicious prosecution claims against the Somerset County defendants would be futile.

▇▇ Although the rule in Heck does not apply to Baker's false arrest/imprisonment claims, *see Wallace v. Kato*, 549 U.S. 384, 393–394, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007), his claims are barred by the applicable statute of limitations. *See Montgomery v. DeSimone*, 159 F.3d 120, 126 (3d Cir.1998). We have held that New Jersey's two-year limitations period on personal injury actions, N.J.S.A. 2A:14–2, applies to civil rights claims under § 1983. *Cito v. Bridgewater Township Police Dep't*, 892 F.2d 23, 25 (3d Cir.1989). Because *Heck's* deferred accrual rule does not apply, Baker's Fourth Amendment claim accrued when he appeared before a magistrate and was bound over for trial or arraigned on charges. *See Wallace*, 549 U.S. at 389–392, 127 S.Ct. 1091. His imprisonment does not toll the running of the statute of limitations. *See Hughes v. Smith*, 264 F.Supp. 767, 769 (D.N.J.1967), *aff'd*, 389 F.2d 42 (3d Cir.1968). Baker alleges that he was arrested on July 16, 2002. The date that he was arraigned or otherwise bound over for trial is not in the record. It is certain, however, that he was arraigned before his trial in Union County began in March 2004. Assuming in Baker's favor that he was arraigned on the first day of trial, under New Jersey's two year statute of limitations, he had until

March 2006, to file a timely complaint. His complaint was filed in January 2008, well after the limitations period had expired.

Our independent review reveals that there is no arguable basis to challenge the District Court's dismissal order on appeal. Accordingly, Baker's appeal will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). His motion for transcripts is denied.