**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 22-1088
_____

RALPH BAKER,
                                        Appellant

v.

MICHAEL WITTEVRONGEL; CITY OF UNION TOWNSHIP; SGT. RANDY
STRATTON; DETECTIVE EDWARD CHABEK; CITY OF LINDEN; CITY OF
GREENBROOK; JOSEPH SHANNON; CITY OF EDISON; MARTHA B.
MCKINNEY; OFFICE OF MIDDLESEX COUNTY PROSECUTOR; FBI AGENT
GARY J. ROHEN; FBI AGENT MARTIN HOULIHAN; FBI AGENT FRANCIS P.
BARLETTO; FBI AGENT JOCK GARCIA; CITY OF NEWARK; UNION POLICE
DEPARTMENT; EDISON POLICE DEPARTMENT; JENNIFER F. BANAAG; NEW
JERSEY STATE POLICE; WAYNE FORREST; JAMES LANKFORD; YOLANDA
CICCONE; LYNDSAY V. RUOTOL

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2:20-cv-13020)
District Judge:  Honorable John M. Vazquez

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 20, 2022
Before:  HARDIMAN, PORTER and FREEMAN, <u>Circuit Judges</u>

(Opinion filed: January 27, 2023)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not

PER CURIAM

Appellant Ralph Baker, proceeding pro se and in forma pauperis, appeals from the District Court's order sua sponte dismissing his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) for failing to state a claim. For the following reasons, we will affirm.

## I.

In 2002, Baker was arrested and charged with committing multiple armed robberies and related offenses in Union, Middlesex, and Somerset Counties. In 2004, Baker was acquitted on the Union County armed robbery charge but found guilty of the lesser included offense of theft and related gun charges. In 2005, he was tried and convicted on the Middlesex County charges and sentenced to life imprisonment. In 2006, while the Somerset County charges were still pending, counsel for Baker sought DNA testing of a black ski cap connected to some of the robberies. That testing ultimately linked the cap to another individual, resulting in the voluntary dismissal of the Somerset indictment in April 2008. See Baker v. Wittevrongel, 363 F. App'x 146, 147-49 (3d Cir. 2010).

Baker sought new trials on the Union and Middlesex charges, and filed a federal civil rights complaint alleging false arrest and imprisonment, malicious prosecution, and conspiracy to maliciously prosecute against the police officers, prosecutors, public defenders, and others involved in his indictments and convictions. Baker's complaint

constitute binding precedent.

2

was dismissed and he appealed to this Court, which dismissed the appeal for lack of arguable merit pursuant to § 1915(e)(2)(B)(i). In so doing, we held that Baker's malicious prosecution and conspiracy claims relating to the Union and Middlesex convictions were barred by the favorable termination rule announced in Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). While not barred by Heck, the Somerset County related allegations failed because Baker could not demonstrate, among other things, that the criminal proceedings were initiated against him without probable cause. Finally, we found that while Heck did not apply to Baker's false arrest and imprisonment claims, those claims were barred by the applicable statute of limitations. Id. at 149-51 (citations omitted). Baker did not seek further appeal.

Since that time, Baker has obtained a favorable termination as to the Union County charges, which were dismissed in December 2018. D.Ct. ECF No. 1 at ¶ 12. Baker's challenge to the Middlesex County conviction is ongoing in state court, and Baker has filed a federal habeas petition relating to that conviction. That petition has been administratively closed pending Baker's exhaustion of his state court remedies. See Baker v. United States, 2:09-cv-03654 (D.N.J.).

In September 2020, Baker filed his current civil rights complaint, which is largely duplicative of his 2008 civil complaint. The District Court liberally construed the complaint to assert claims of malicious prosecution pursuant to 42 U.S.C. § 1983 against six named defendants, which included three law enforcement officers, Union Township, and two police departments. Screening the complaint pursuant to 28 U.S.C. §

3

1915(e)(2)(B), the District Court sua sponte dismissed for failure to state a claim. The District Court dismissed the claims against the police departments with prejudice, finding their respective municipalities were the proper defendants in a § 1983 action. It dismissed the remaining claims without prejudice and granted Baker leave to amend. See D.Ct. ECF No. 3.

Baker thereafter filed multiple voluminous documents that the District Court liberally and generously construed as an amended complaint, adding new defendants and asserting claims of false arrest, malicious prosecution, due process violations, and deliberate indifference to serious medical needs. The District Court dismissed Baker's allegations of false arrest against the police officers with prejudice, finding the claims to be both outside the applicable statute of limitations and subject to preclusion as a result of his prior 2008 civil action, which determined the same claims to be outside the statute of limitations. See D.Ct. ECF No. 12 at 5-6; Baker, 363 F. App'x at 150. The District Court also dismissed with prejudice Baker's claims of malicious prosecution relating to his Somerset County criminal charges, finding those to also be precluded by this Court's prior decision. See D.Ct. ECF No. 12 at 6-7; Baker, 363 F. App'x at 150. Baker's remaining claims, including but not limited to vague and conclusory allegations regarding treatment for prostate cancer, were dismissed without prejudice. The District Court granted Baker leave to file a second amended complaint but warned that any future filing must include all allegations in a single complaint.

4

Baker then filed a second amended complaint, D.Ct. ECF No. 13, followed by another lengthy document entitled "amended complaint" that contained multiple motions, D.Ct. ECF No. 14. As with his other filings, Baker's submissions were difficult to decipher and included lengthy and confusing references to numerous people and events, including allegations of "plots" and "schemes" dating back decades and involving the FBI. The District Court liberally construed the complaint to again allege claims of, inter alia, malicious prosecution, false arrest, and deliberate indifference to serious medical needs. Baker's second amended complaint also contained a new allegation that he failed to receive money to which he was entitled under the Coronavirus Aid, Relief, and Economic Security Act of 2020 (the "CARES Act"). With the exception of the CARES Act claim, the District Court dismissed Baker's complaint with prejudice for failure to state a claim and found that further leave to amend would be futile. As to the CARES Act claim, the District Court found that it lacked jurisdiction as Baker had not exhausted his administrative remedies by first filing an administrative claim with the IRS. The CARES Act claim was dismissed without prejudice. The District Court declined to rule on Baker's newly asserted medical claims because they were not properly included in the complaint and because Baker had not provided sufficient detail to evaluate such claims. Given its dismissal of Baker's second amended complaint, the District Court denied as moot Baker's requests for appointment of counsel and for a preliminary injunction. Baker filed a timely notice of appeal.

**II.**

We have jurisdiction under 28 U.S.C. § 1291, and exercise plenary review over the District Court's sua sponte dismissal pursuant to § 1915(e). See Dooley v. Wetzel, 957 F.3d 366, 373 (3d Cir. 2020). To avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Talley v. Wetzel, 15 F.4th 275, 286 n.7 (3d Cir. 2021) (cleaned up). "In assessing the Complaint, we are mindful of our obligation to liberally construe a pro se litigant's pleadings." Dooley, 957 F.3d at 374 (cleaned up). However, it is not enough for a plaintiff to offer only conclusory allegations or a simple recital of the elements of a claim. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

Pursuant to Rule 28 of the Federal Rules of Appellate Procedure and Third Circuit Local Appellate Rule 28.1, "appellants are required to set forth the issues raised on appeal and to present an argument in support of those issues in their opening brief." Kost v. Kozakiewicz, 1 F.3d 176, 182 (3d Cir. 1993). To be preserved, all arguments must be supported by "the reasons for them, with citation to the authorities and parts of the record on which the appellant relies." Fed. R. App. P. 28(a)(8)(A). Arguments not raised in an opening brief on appeal are forfeited. See M.S. by & through Hall v. Susquehanna Twp. Sch. Dist., 969 F.3d 120, 124 n.2 (3d Cir. 2020); see also Barna v. Bd. of Sch. Directors of Panther Valley Sch. Dist., 877 F.3d 136, 145-46 (3d Cir. 2017) (refusing to "consider ill-developed arguments or those not properly raised and discussed in the appellate briefing"). Although we construe pro se filings liberally, this policy has not prevented us from applying the forfeiture doctrine to pro se appeals. See Mala v. Crown Bay Marina,

6

Inc., 704 F.3d 239, 245 (3d Cir. 2013) (noting that pro se litigants "must abide by the same rules that apply to all other litigants").

As with his filings in the District Court, Baker's filings in this Court have been voluminous and difficult to decipher and do not clearly explain why the District Court's rulings were erroneous. Rather, Baker reiterates the same conclusory allegations deemed insufficient by the District Court. Those arguments and allegations, at their root, focus primarily upon Baker's desire to overturn his Middlesex County conviction and obtain DNA testing in connection with a 1980s Essex County conviction. Indeed, in his most recent filing with this Court, Baker asserts that he "should be granted habeas corpus" because the State somehow "prevented him from exhausting his State remedies." 3d Cir. ECF No. 23 at 13. To the extent Baker does touch on any discernable appellate issues, he does so in an unhelpful conclusory manner. While we are mindful of Baker's pro se status, given the ill-developed nature of his arguments, and the lack of citation to the record, we conclude that Baker has abandoned and forfeited his issues on appeal.

Nonetheless, we have reviewed the District Court's rulings and note one issue that bears further consideration. The District Court correctly determined that Baker failed to state a claim for malicious prosecution arising from his conviction in Middlesex County, which has not been invalidated or otherwise favorably terminated, as success would necessarily imply the invalidity of his conviction. See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). Accordingly, his claim is not cognizable under § 1983 and was properly dismissed. Id. at 487. However, the District Court erred in dismissing that claim with

7

prejudice, as Baker may bring his malicious prosecution claim as to that specific conviction at a later time should it be invalidated in the future.  Id. at 484-85 (stating that a § 1983 claim based on an allegedly unconstitutional conviction or sentence does not accrue until the invalidation of that conviction or sentence); Curry v. Yachera, 835 F.3d 373, 379 (3d Cir. 2016) (modifying dismissal of Heck-barred malicious prosecution claims to reflect that the claims are dismissed without prejudice).

We otherwise discern no error in the dismissal of Baker's remaining claims, or in the denial of Baker's many motions before the District Court.[1]  Accordingly, we will modify the District Court's judgment to reflect that the malicious prosecution claim arising out of the Middlesex County conviction is dismissed without prejudice and will affirm the judgment as modified.

---

[1] To the extent Baker asserts the District Court erred in denying his motion to amend, Baker does not appear to have submitted a motion to amend to the District Court until after his case was already dismissed.  In any event, the District Court did not err in declining to grant Baker an opportunity to further amend his complaint.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).  The District Court went to great lengths to interpret Baker's various submissions and gave Baker two opportunities to amend, each time providing clear guidance to Baker on the deficiencies in his various submissions.  Nonetheless, Baker did not follow the guidance of the Court, so further amendment was clearly futile.